ZENITH INSURANCE COMPANY *v.* VNE, INC., d/b/a
TGI Fridays, Jerry D. Gardner, and Sierra Hotel Corporation

CA 97-994                                965 S.W.2d 805

Court of Appeals of Arkansas
Division II
Opinion delivered April 1, 1998

*Brazil, Adlong, Murphy & Osment,* by: *William Clay Brazil,* for appellant.

*Thompson & Llewellyn, P.A.,* by: *James M. Llewellyn, Jr.,* for appellees.

SAM BIRD, Judge. This is an appeal from an order of the Sebastian County Circuit Court, which granted the appellee's motion to dismiss appellant's complaint for lack of subject-matter jurisdiction pursuant to Ark. R. Civ. P. 12(b)(1). The court held that jurisdiction for appellant's claims lies in the Workers' Compensation Commission. We agree and affirm.

Appellee VNE, Inc. (hereinafter VNE), obtained a policy of workers' compensation insurance from appellant, Zenith Insurance Company, covering the period of October 1, 1994, through October 1, 1995. Appellant contends that in its application for that insurance, VNE misrepresented to appellant that it did not own, lease, or use an airplane. On October 24, 1994, Jerry D. Gardner (hereinafter Gardner), who, with his wife, owned both VNE and Sierra Hotel Corporation[1] (hereinafter Sierra), was piloting an airplane owned by Sierra and occupied by Michael Coats, an employee of VNE, when the airplane crashed. As a result of the crash, Coats sustained injuries. The appellant investigated the airplane accident and paid Coats temporary total disability benefits and medical expenses.

---

[1] Gardner was the sole owner of all the outstanding stock in Sierra Hotel Corporation, and Gardner and his wife, Vonda J. Gardner, owned all of the outstanding stock in VNE.

Appellant later filed a complaint against VNE, Gardner, and Sierra seeking to recover the amount of workers' compensation benefits it had paid to Coats. In its complaint and amended complaints, appellant asserted four reasons it should be entitled to recover. First, it alleged that Gardner had misrepresented that VNE did not own, lease, or use an airplane, that appellant had relied upon those misrepresentations when it issued its workers' compensation policy, and that it would not have issued the policy had Gardner not made such misrepresentations. Second, appellant alleged that Gardner had been negligent in operating the airplane in which Coats was injured and that Gardner's negligence was the proximate cause of Coats's injuries. Third, appellant alleged that it had paid Coats's workers' compensation claims in reliance upon representations by Coats that he was on an employment-related trip for VNE at the time of the airplane crash, but that during his deposition Coats admitted that he and Gardner were on a recreational trip at the time of the crash and that he had earlier lied about the purpose of the trip at Gardner's insistence. And finally, appellant alleged that Coats should not have been entitled to workers' compensation benefits because VNE continued to pay his salary during the time he was receiving temporary total disability payments from appellant.

In response to appellant's complaint, appellee filed a motion contending that appellant's cause of action for misrepresentation about VNE's ownership, lease, or use of an airplane should be dismissed under Ark. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief could be granted, and that the other three claims should be dismissed under Ark. R. Civ. P. 12(b)(1) because, pursuant to Ark. Code Ann. § 11-9-105(a) (Repl. 1996), these claims were within the exclusive jurisdiction of the Workers' Compensation Commission. The court granted appellees' motion.

Appellant does not appeal the court's dismissal of the claim of misrepresentation about the ownership, lease, or use of an airplane. Appellant appeals only that part of the trial court's order that dismissed its second, third, and fourth claims. We affirm the circuit court's order because jurisdiction of appellant's second,

third, and fourth claims properly lies in the Workers' Compensation Commission.

*Negligence Claim Against Gardner and Sierra*

■ In accordance with Ark. Code Ann. § 11-9-105(a), the rights and remedies granted to employees under the Arkansas Workers' Compensation Law (Ark. Code Ann. § 11-9-101 through Ark. Code Ann. § 11-9-1001 (Repl. 1996)) are within the exclusive jurisdiction of the Arkansas Workers' Compensation Commission. Simply stated, an employer that has secured to its employees the benefits of workers' compensation cannot be sued in tort by its employees for injury or death arising out of their employment.[2] Only when the employer fails to secure the payment of compensation for the benefit of an employee who is injured or killed in the course of his employment can the employee or his legal representative elect to maintain a legal action in court for damages. Ark. Code Ann. § 11-9-105(b)(1).

■ However, an injured employee or the legal representative of a deceased employee may, in addition to pursuing a claim for workers' compensation benefits, maintain an action in court against any "third party" who may be responsible for such injury or death. Ark. Code Ann. § 11-9-410(a) (Repl. 1996); *Wilson v. Rebsamen Ins.*, 330 Ark. 687, 957 S.W.2d 678 (1997). Arkansas Code Annotated section 11-9-410(a) states that the employer or its workers' compensation insurance carrier has the right to receive notice of the employee's third-party action and to join in that action if it wishes. Under Ark. Code Ann. § 11-9-410(b), the employer or its carrier that is liable for the payment of workers' compensation benefits may be subrogated to the employee's claim and assert an action against a third party, but it must notify the employee in writing that he has the right to pursue any benefits to which he may be entitled in addition to the subrogation interest.

---

[2] An exception to this rule exists when the injury or death of the employee results from an employer's intentional act to bring about the injury or death of the employee, *Sontag v. Orbit Valve Co.*, 283 Ark. 191, 672 S.W.2d 50 (1984); but this exception has no application to the case at bar.

In the case at bar, appellant contends that Gardner and Sierra are third parties within the meaning of Ark. Code Ann. § 11-9-410(b) and claims that Coats's injuries resulted from Gardner's negligence in the operation of Sierra's airplane. We do not agree that Gardner is a third party within the meaning of Ark. Code Ann. § 11-9-401(b). The Arkansas Supreme Court has defined a third party under section 11-9-410 as "some person or entity other than the first and second parties involved, and the first and second parties can only mean the injured employee and the employer or one liable under the compensation act." *Wilson v. Rebsamen Ins.*, *supra* (citing *Neal v. Oliver*, 246 Ark. 377, 438 S.W.2d 313 (1969)). Thus, under section 410, neither a workers' compensation carrier nor an employer can be a third party. *Wilson v. Rebsamen Ins.*, *supra.*

In this case, the first party is the injured employee, Coats; and the second party is the employer, VNE, or its workers' compensation insurance carrier, which is the appellant. Since appellant's claim against third parties exists only by virtue of Ark. Code Ann. § 11-9-410(b), as a subrogee of Coats, appellant stands in the same position as Coats, who is prohibited by Ark. Code Ann. § 11-9-105(a) from suing VNE. Also, Gardner cannot be a third party in this case because he is the sole owner and an officer (and therefore a "persona") of VNE, Coats's employer, that is protected by the exclusive remedy provisions of Ark. Code Ann. § 11-9-105(a). Since no third party exists in the case at bar, section 11-9-410(b) is simply not applicable.

Appellant argues that Sierra qualifies as a third party within the meaning of Ark. Code Ann. § 11-9-410(b), but its complaint alleges no acts of negligence on Sierra's part that would subject it to liability as a result of the plane crash. The complaint filed by appellant states:

> That in the alternative, the plaintiff is entitled to reimbursement for sums paid to and to be paid to Coats based on the Workers' Compensation claim from defendants Gardner and Sierra, jointly and severally. That on the 23rd day of October, 1994, Gardner, acting as an owner, agent and employee of Sierra, failed to exercise reasonable case (sic) in the operation of the 703SR SeaRey amphibian airplane, owned by Sierra, in that when piloting the

plane on said date, Gardner attempted to land on the Arkansas River on pontoons but negligently failed to cause the wheels to be raised, thereby causing the airplane to crash nose-first into the river where it first touched down, all of which was the proximate cause of Coats' injuries.

■ Even if this court could construe the above-quoted portion of appellant's complaint to mean that Gardner's negligence should be imputed to Sierra, jurisdiction still remains in the Workers' Compensation Commission pursuant to Ark. Code Ann. § 11-9-105(a), which clearly states,

No role, capacity, or persona of any employer, principal, officer, director, or stockholder other than that existing in the role of employer of the employee shall be relevant for consideration for purposes of this chapter, and the remedies and rights provided by this chapter shall in fact be exclusive regardless of the multiple roles, capacities, or personas the employer may be deemed to have.

■ Appellant argues that Gardner and Sierra are two distinct legal entities. However, Sierra is a persona of Gardner in that, as the complaint states, Gardner was acting as owner, agent, and employee of Sierra at the time of the airplane crash that resulted in Coats's injuries. Therefore, section 11-9-105(a) places jurisdiction before the Workers' Compensation Commission.

■ Appellant also argues that the exclusive remedy provision of Ark. Code Ann. § 11-9-105(a) applies only to the claims of employees against their employers and not to claims of insurance carriers against employers. However, this argument overlooks the fact that a workers' compensation insurance carrier's right to pursue a tort claim against third parties arises solely by virtue of Ark. Code Ann. § 11-9-410(b), which grants to the carrier a right of subrogation only. As a subrogee, appellant's claim stands on the same footing as the claim of Coats, to whose claim appellant is subrogated. Since Coats is precluded by Ark. Code Ann. § 11-9-105(a) from pursuing a claim against his employer, so is appellant.

### Course and Scope of Employment

█ The trial court also found that it did not have jurisdiction because the appellant alleged in its complaint that appellee was not working in the course and scope of his employment in that the airplane trip was not related to Coats's employment with VNE. Appellant argues that it originally paid Coats's claims because it relied upon representations by Coats that he was on an employment-related trip at the time of the accident. However, during a deposition, Coats admitted that he and Gardner were on a recreational trip. The appellant originally paid compensation benefits to Coats and is now seeking to recover the amount it paid from Coats's employer by claiming that Coats was not working in the course and scope of his employment when his injury occurred. Arkansas Code Annotated section 11-9-102(5)(A) (Repl. 1996) defines a compensable injury as "[a]n accidental injury . . . arising out of and in the course of employment . . . ." Thus, whether an injury is compensable for purposes of workers' compensation depends, in part, on whether the injury occurred within the course and scope of the injured employee's employment. This is necessarily an issue to be determined by the Commission in deciding whether to award benefits. Therefore, appellant's contention in this action that Coats was not acting within the course and scope of his employment when his injury occurred is one that should be made before the Workers' Compensation Commission because of the exclusive remedy provisions of Ark. Code Ann. § 11-9-105(a).

### Salary Payment in Addition to Workers' Compensation Benefits

█ In its second amended complaint, appellant asserts that it learned that while it was paying benefits to Coats, Coats was in turn receiving a salary from VNE. The appellant contends that since Coats was being paid a full salary by VNE while he was disabled, appellant should not have been required to pay temporary total disability to Coats at the same time. Appellant seeks to recover from VNE the amounts of disability compensation it alleges that it erroneously paid to Coats. While under Ark. Code Ann. § 11-9-807(b) (Repl. 1996) Coats may not be entitled to

receive disability compensation while also receiving a full salary from his employer, this is a defense that should be asserted before the Workers' Compensation Commission.

Affirmed.

MEADS and ROAF, JJ., agree.