ERIN, INC. and Robert S. Harris, Jr. *v.*
CIRCUIT COURT of WHITE COUNTY

06-1058                                                    247 S.W.3d 849

Supreme Court of Arkansas
Opinion delivered January 25, 2007

*James & House*, by: *David Johnson*, for petitioners.

P ER CURIAM Petitioners, Erin, Inc. and Robert S. Harris, Jr. (jointly "petitioners"), petition this court for a writ of prohibition in response to an order entered by the respondent, White

County Circuit Court, denying petitioners' motion to transfer the case to the Arkansas Workers' Compensation Commission.[1] Petitioners filed their petition for writ of prohibition on the basis that the circuit court lacked jurisdiction over the claims brought against petitioners by Tim Johnson, an injured employee, and that such claims are subject to the exclusive jurisdiction of the Commission under Ark. Code Ann. § 11-9-105(a) (2006). We deny the petition without prejudice and order rebriefing.

In December 1983, Harris formed Erin, Inc., a for-profit company engaged in the business of owning construction equipment. Since Erin's formation, Harris has served as its president, registered agent, chief job-site manager of operations, and sole shareholder. On April 29, 1996, Harris formed Arkansas Steel Erectors, Inc. (ASE), which assumed many of Erin's administrative and job-management responsibilities, although Erin retained ownership of a truck crane used in various construction jobs. Harris served as ASE's president, registered agent, and chief job-site manager. He was also ASE's sole shareholder until 2003 and has remained a majority shareholder since that time. Both Erin and ASE had workers' compensation insurance from July 20, 2002 to July 20, 2003.

In late 2002, Timothy Johnson applied for a job with ASE and was employed by ASE to work at a job site at the White County Medical Center in Searcy. On March 27, 2003, Johnson sustained injuries as a result of an accident at the medical center. During a construction project on which Johnson worked, a pendant line on a crane boom snapped, causing the boom to fall and strike his head. According to his claim for compensation, he sustained multiple fractures to his skull, ribs, pelvis, legs, and feet. On April 9, 2003, Johnson filed a claim against ASE with the Commission, alleging that he suffered workplace injuries on March 27, 2003. The insurance company, Commerce & Industry, paid Johnson a cumulative sum totaling $384,446.33.

On August 8, 2003, Johnson filed a lawsuit, *Tim Johnson v. Nabholz Construction Corp., et al.*, Case No. CV-20030489, in White County Circuit Court. On February 27, 2006, Johnson

---

[1] Petitioners also named the Honorable Bill Mills, the presiding judge of White County Circuit Court, as a respondent to their petition, but prohibition lies to the circuit court. *Cockrum v. Fox*, 359 Ark. 508, 199 S.W.3d 69 (2004). Accordingly, we treat the petition as one against the lower court. *Id.*

filed a first amended complaint, alleging that Erin was liable in tort. Johnson filed a second amended complaint on March 24, 2006, and alleged that Erin and Harris were liable in tort for his injuries. In his complaint, Johnson alleged that Erin and Harris negligently caused his injuries; Johnson did not allege that his employer, ASE, was liable for his injuries. Erin and Harris filed an answer on April 26, 2006. Commerce & Industry filed a complaint in intervention on May 16, 2006.

On June 26, 2006, Erin and Harris filed a motion to transfer consideration of the issue of jurisdiction over Johnson's claims to the Commission. In their motion, petitioners argued that the applicability of workers' compensation law was a jurisdictional issue that only the Commission could resolve. The jurisdictional question was argued before the circuit court, and the court denied Erin and Harris's motion to transfer. On August 7, 2006, the circuit court denied the motion to transfer in two separate orders for Erin and Harris. On September 19, 2006, petitioners filed a petition for writ of prohibition with this court on the grounds that the circuit court was wholly without jurisdiction to deny their motion to transfer Johnson's claims to the Commission.

A party seeking prohibition must produce a record sufficient for the court's review, and in prohibition cases in which briefs are filed, such as this, an abstract is required. *McFarland v. Lindsey*, 338 Ark. 588, 2 S.W.3d 48 (1999). A petitioner seeking a writ of prohibition must produce a record sufficient to show that the writ is clearly warranted. *Id*. As in all such cases, the record is confined to that which is abstracted. *Id*. The abstract must contain "material parts of the testimony of the witnesses and colloquies between the court and counsel and other parties as are necessary to an under-standing of all questions presented to the Court for decision." Ark. Sup. Ct. R. 4-2(a)(5) (2006). Moreover, the addendum shall include the order, "along with other relevant pleadings, docu-ments, or exhibits essential to an understanding of the case . . . [.]" Ark. Sup. Ct. R. 4-2(a)(8).

Here, in their addendum, petitioners failed to include Johnson's complaint, the answer, and the motion to transfer, as required by Ark. Sup. Ct. R. 4-2(a)(8). Respondent's supplemen-tal addendum includes an excerpt of Johnson's complaint, but the full complaint is not included in either addendum. Additionally, petitioners failed to include an abstract of the hearing on the motion to transfer, as required by Ark. Sup. Ct. R. 4-2(a)(5). *See also McFarland, supra*. We conclude that these documents are

necessary to the understanding of this case. Ark. Sup. Ct. R. 4-2(a)(8). Therefore, we direct petitioners to file a complying abstract, brief, and addendum within fifteen days from the date of this opinion and to file a substituted addendum to conform to Ark. Sup. Ct. R. 4-2(a)(8). *See Arkansas Dep't of Human Servs. v. Collier,* 351 Ark. 380, 92 S.W.3d 683 (2002). If petitioners fail to file an addendum within this time period, the circuit court's judgment may be affirmed for noncompliance with this rule. *See Branscumb v. Freeman,* 357 Ark. 644, 187 S.W.3d 846 (2004).

Petition denied without prejudice; rebriefing ordered.