ERIN, INC. and Robert S. Harris  *v.*
WHITE COUNTY CIRCUIT COURT

06-1058                                            253 S.W.3d 444

Supreme Court of Arkansas
Opinion delivered March 15, 2007

*James & House, P.A.*, by: *David E. Johnson*, for petitioners.

*McMath Woods P.A.*, by: *Neil Chamberlin; Ludwig Law Firm*, by: *Gene Ludwig; John Patterson*, for claimant.

JIM GUNTER, Justice. Petitioners, Erin, Inc. and Robert S. Harris, Jr. (jointly "Petitioners"), petition this court for a writ of prohibition in response to an order entered by the respondent, White County Circuit Court, denying Petitioners' motion to transfer the case to the Arkansas Workers' Compensation Commission. Petitioners filed their petition for writ of prohibition on the basis that the circuit court lacked jurisdiction over the claims brought against Petitioners by Tim Johnson, an employee, and that such claims are subject to the exclusive jurisdiction of the Commission under Ark.

Code Ann. § 11-9-105(a) (Repl. 2002). We grant the petition for writ of prohibition.[1]

In December 1983, Harris formed Erin, Inc., a for-profit company engaged in the business of owning construction equipment. Since Erin's formation, Harris has served as its president, registered agent, chief job-site manager of operations, and sole shareholder. On April 29, 1996, Harris also formed Arkansas Steel Erectors, Inc. (ASE), which assumed many of Erin's administrative and job-management responsibilities, although Erin retained ownership of a truck crane used in various construction jobs. Harris served as ASE's president, registered agent, and chief job-site manager. He also served as ASE's sole shareholder until 2003 and has remained a majority shareholder since that time. Both Erin and ASE had workers' compensation insurance from July 20, 2002, to July 20, 2003.

In late 2002, Tim Johnson applied for a job with ASE and was employed by ASE to work at a job site at the White County Medical Center in Searcy. On March 27, 2003, Johnson sustained injuries as a result of an accident at the medical center. During a construction project on which Johnson worked, a pendant line on a crane boom snapped, causing the boom to fall and strike his head. According to his claim for compensation, he sustained multiple fractures to his skull, ribs, pelvis, legs, and feet. On April 9, 2003, Johnson filed a claim against ASE with the Workers' Compensation Commission, alleging that he suffered workplace injuries on March 27, 2003. The insurance company, Commerce & Industry, paid Johnson a cumulative sum totaling $384,446.33.

On August 8, 2003, Johnson filed a lawsuit, *Tim Johnson v. Nabholz Construction Corp.*, Case No. CV-20030489, in White County Circuit Court. On February 27, 2006, Johnson filed a first-amended complaint, alleging that Erin was liable in tort. Johnson filed a second-amended complaint on March 24, 2006, alleging that both Erin and Harris were liable in tort for his injuries. In his complaint, Johnson alleged that Petitioners negligently caused his injuries; Johnson did not allege that his employer,

---

[1] Petitioners named the Honorable Bill Mills, the presiding judge of White County Circuit Court, as a respondent to their petition, but prohibition lies to the circuit court. *Cockrum v. Fox*, 359 Ark. 508, 199 S.W.3d 69 (2004). Accordingly, we treat the petition as one against the lower court. *Id.* Johnson filed a brief for the respondent.

ASE, was liable for his injuries. Petitioners filed an answer on April 26, 2006. Commerce & Industry filed a complaint in intervention on May 16, 2006. Petitioners filed a third-party complaint on May 8, 2006, alleging reformation of the contract, breach of contract by Lafayette Insurance Company, and negligence by Ed Strohm, an insurance agent who worked with Harris on the policies for ASE and Erin.

On June 26, 2006, Petitioners filed a motion to transfer the issue of jurisdiction over Johnson's claims to the Commission. In their motion, Petitioners argued that the applicability of workers' compensation law was a jurisdictional issue that only the Commission could resolve. They requested that the circuit court transfer consideration of the issue of the jurisdiction over Johnson's claims to the Commission. A hearing on the matter was held before the circuit court on July 31, 2005. The jurisdictional question was argued before the circuit court, and the court took the issue under advisement. On August 7, 2006, the circuit court entered two separate orders for Erin and Harris denying the motion to transfer.

On September 19, 2006, Petitioners filed a petition for writ of prohibition with this court on the grounds that the circuit court was wholly without jurisdiction to deny their motion to transfer Johnson's claims to the Commission. In our per curiam opinion, *Erin, Inc. v. Circuit Court of White County*, 368 Ark. 595, 247 S.W.3d 849 (2007), we denied Petitioners' petition without prejudice and ordered rebriefing because petitioners failed to include an abstract and pertinent pleadings in the addendum, as required by Ark. Sup. Ct. R. 4-2(a)(5) (2006) and Ark. Sup. Ct. R. 4-2(a)(8) (2006), respectively. Petitioners submitted a substituted brief, and we now consider their petition for writ of prohibition.[2]

For their sole allegation of error, Petitioners argue that only the Commission can determine its jurisdiction over Johnson's claims. Specifically, Petitioners contend that, under *VanWagoner v. Beverly Enterprises*, 334 Ark. 12, 970 S.W.2d 810 (1998), the Commission has exclusive, original jurisdiction over each petitioner to determine the fact issues establishing its jurisdiction.

---

[2] Petitioners' case was submitted to our court on March 1, 2007. On March 6, 2007, six days after the submission date, Johnson filed a supplemental brief on behalf of White County. Because we did not order White County to file a supplemental brief in this matter, we will not consider the supplemental brief on appeal. *See Erin, Inc. v. White County*, 368 Ark. 595, 247 S.W.3d 849 (2007).

Petitioners assert that the *VanWagoner* holding put an end to the concurrent-jurisdiction approach by which a plaintiff previously could file in circuit court, which, at that time, decided jurisdiction. Respondent argues that there are no issues of fact concerning jurisdiction to be determined by the Commission, and asserts that the remaining issue — whether an injured employee may sue third-party defendants — is an issue of law to be decided in circuit court.

Before we address the merits of the petition, we note our standard of review. It is well settled that a writ of prohibition is an extraordinary writ that is only appropriate when the lower court is wholly without jurisdiction. *Ulmer v. Circuit Court of Polk County*, 366 Ark. 212, 234 S.W.3d 290 (2006). Jurisdiction is the power of the court to hear and determine the subject matter in controversy between the parties. The writ is appropriate only when no other remedy, such as an appeal, is available. Prohibition is a proper remedy when the jurisdiction of the trial court depends upon a legal rather than a factual question. We confine our review to the pleadings in the case. Moreover, prohibition is never issued to prohibit a trial court from erroneously exercising its jurisdiction. Writs of prohibition are prerogative writs, extremely narrow in scope and operation; they are to be used with great caution and forbearance. They should issue only in cases of extreme necessity. *Id.*

The rights and remedies granted to employees under the Arkansas Workers' Compensation law, found at Ark. Code Ann. § 11-9-101 through Ark. Code Ann. § 11-9-1001 (Repl. 2002 & Supp. 2005), are within the exclusive jurisdiction of the Commission. Arkansas Code Annotated § 11-9-105(a) (Repl. 2002) provides that "[t]he rights and remedies granted to an employee subject to the provisions of [the Workers' Compensation Chapter], on account of injury or death, shall be exclusive of all other rights and remedies of the employee." Section 11-9-105(a) further provides in pertinent part:

> No role, capacity, or persona of any employer, principal, officer, director, or stockholder other than that existing in the role of employer of the employee shall be relevant for consideration for purposes of this chapter, and the remedies and rights provided by this chapter shall in fact be exclusive regardless of the multiple roles, capacities, or personas the employer may be deemed to have.

Further, an injured employee may, in addition to pursuing a claim for workers' compensation benefits, maintain an action in court against a third party who may be responsible for such injury. *See* Ark. Code Ann. § 11-9-410(a) (Repl. 2002). We have held that a third party under section 11-9-410 is some person or entity other than the first and second parties involved, and the first and second parties can only mean the injured employee and the employer or one liable under the compensation act. *Wilson v. Rebsamen Ins.*, 330 Ark. 687, 957 S.W.2d 678 (1997).

Both parties cite *VanWagoner, supra,* in their briefs as dispositive of this case. Petitioners argue that *VanWagoner* stands for the proposition that the Commission has exclusive jurisdiction to determine jurisdiction over Harris and Erin. Respondent argues that its case comports with our holding in *VanWagoner,* as there are no issues of fact to be determined by the Commission, but the only issue remaining is an issue of law. In *VanWagoner,* we held that the Commission has exclusive, original jurisdiction to determine the fact issues establishing its jurisdiction. 334 Ark. at 13, 970 S.W.2d at 811. There, the appellant filed suit against her employer in circuit court. On motion of her employer, the circuit court dismissed with prejudice the tort action on the ground that it was barred by the exclusive-remedy provision of the Workers' Compensation Act. We certified the case from the court of appeals and held:

> We believe that the better rule is to recognize the administrative law rule of primary jurisdiction and to allow the Workers' Compensation Commission to decide whether an employee's injuries are covered by the Workers' Compensation Act.
>
> . . . .
>
> We hold that the exclusive remedy of an employee or her representative on account of injury or death arising out of and in the course of her employment is a claim for compensation under § 11-9-105, and that the commission has exclusive, original jurisdiction to determine the facts that establish jurisdiction, unless the facts are so one-sided that the issue is no longer one of fact but one of law, such as an intentional tort. *See Angle v. Alexander,* 328 Ark. 714, 719, 945 S.W.2d 933 (1997) (citing *Miller v. Ensco, Inc.,* 286 Ark. 458, 461, 692 S.W.2d 615 (1985) (explaining that, before an employee is free to bring a tort action for damages against an employer, the facts must show that the employer had a "desire" to bring about the consequences of the acts, or that the acts were premeditated with

the specific intent to injure the employee). In so holding, we overrule all prior decisions to the extent that they are inconsistent with this opinion.

*Id.* at 15-16, 970 S.W.2d at 812. In adopting this rule, we pointed out that the Commission has vast expertise in this area, and that the goals of uniformity, speed, and simplicity would best be achieved by granting the Commission the exclusive, original jurisdiction to determine the applicability of the Act. *Johnson v. Union Pac. R.R.*, 352 Ark. 534, 541-42, 104 S.W.3d 745, 747-49 (2003).

We reiterated our holding in *VanWagoner* in *WENCO Franchise Management, Inc. v. Chamness*, 341 Ark. 86, 13 S.W.3d 903 (2000) (per curiam). There, the appellee injured her back when she slipped and fell at the Wendy's restaurant where she worked. Her injury was accepted as compensable, and she received benefits. When she later sought additional benefits, her employer responded by arguing that she was not performing employment services at the time of her accident. A hearing was scheduled before the Workers' Compensation Commission, but was later cancelled by the appellee. Thereafter, the appellee filed a negligence suit against her employer in circuit court. The employer filed a motion for summary judgment on the ground that the appellee's exclusive remedy was under the Act and that only the Commission had the authority to determine jurisdiction in the matter. The circuit court denied summary judgment, and the employer petitioned for a writ of prohibition. Based upon the holding in *VanWagoner*, we granted the writ of prohibition and held:

> [T]here is no dispute that Chamness was employed by WENCO at the time of the injury or that the injury occurred on WENCO's premises. Nor is it disputed that Chamness has already received workers' compensation benefits for her injury. Furthermore, it is not alleged by Chamness that her injury resulted from an intentional tort by WENCO. Accordingly, the Commission has exclusive authority to determine the facts that establish jurisdiction in this matter.

*WENCO*, 341 Ark. at 88, 13 S.W.3d at 904.

Further, we cite with approval the case of *Zenith Ins. Co. v. VNE, Inc.*, 61 Ark. App. 165, 965 S.W.2d 805 (1998). In *Zenith*, Michael Coats, an employee of VNE, Inc., was injured on a plane piloted by Jerry Gardner, who owned both VNE and Sierra Hotel

Corporation. The plane, which was owned by Sierra, crashed, and Coats sustained injuries. Zenith Insurance, the workers' compensation insurance carrier, filed an action against VNE, Gardner, and Sierra, and on appeal, Coats argued that Gardner and Sierra were third parties within the meaning of Ark. Code Ann. § 11-9-410(b) and that Gardner negligently operated the plane. Relying upon section 11-9-410(b), as well as our holding in *Wilson, supra,* the court of appeals held: (1) Zenith Insurance, as a subrogee of Coats, was prohibited by Ark. Code Ann. § 11-9-105(a) from suing VNE, Coats's employer; (2) Gardner was not a third party because he was the sole owner and officer, or persona, of VNE and was protected by the exclusive-remedy provisions of Ark. Code Ann. § 11-9-105(a); and (3) Sierra was not a third party because the complaint alleged no negligence on Sierra's part, and if it had, Sierra was a persona of Gardner under Ark. Code Ann. § 11-9-105(a), and pursuant to that statutory provision, jurisdiction was properly placed before the Commission. *Zenith,* 61 Ark. App. at 171-72, 965 S.W.2d at 808; *see also Coats v. Gardner,* 333 Ark. 581, 970 S.W.2d 802 (1998) (holding that the election-of-remedies doctrine barred claims against an employer after the injured employee received a settlement from the workers' compensation carrier for the employee's injuries).

In the present case, Johnson, ASE's employee, filed a third-party negligence action against Petitioners in circuit court. Under the rationale in *Zenith, supra,* Harris is in a position similar to Gardner's position because he was the sole owner, president, and majority shareholder of Erin and ASE. Additionally, Erin's position is similar to Sierra's position in *Zenith, supra,* because Harris owned and operated Erin, which owned the crane at the time of Johnson's accident. Thus, the question of whether Harris and Erin are third parties under Ark. Code Ann. § 11-9-410(a) or a "persona" under Ark. Code Ann. § 11-9-105(a) is a question for the Commission.

For these reasons, we hold that the circuit court exceeded its jurisdiction in denying Petitioner's motion to transfer Johnson's claims to the Commission. Based upon our holdings in *VanWagoner, WENCO,* and *Zenith, supra,* we conclude that the Commission had exclusive, original jurisdiction to determine the facts that establish jurisdiction. The Commission's decision on jurisdiction may be tested and reviewed on appeal. Further, we have stated that, when the encroachment on workers' compensation jurisdiction is clear, a writ of prohibition is warranted.

*Travelers Ins. Co. v. Smith*, 329 Ark. 336, 340, 947 S.W.2d 382, 384 (1997). When this encroachment occurs, we have granted a writ of prohibition. *WENCO, supra.* Because jurisdiction of this case properly lies with the Commission, we grant Petitioners' writ of prohibition.

Petition for writ of prohibition granted.