KINDER MORGAN TEXAS PIPELINE, L.P.; Kinder
Morgan Energy Partners, L.P.; Kinder Morgan G.P., Inc.;
Kinder Morgan Tejas Pipeline, L.P.; Kinder Morgan Tejas
Pipeline GP, Inc.; Texas Gas, LLC; Houston Pipeline
Company; HPL GP, LLC; Gulf Energy Marketing, LLC; KM
Texas Pipeline, LP; Midcon Corp.; AEP Gas Marketing, L.P.;
and Shell U.S. Gas & Power, LLC  *v.*  CIRCUIT COURT
of MILLER COUNTY, ARKANSAS; Weldon Johnson;
and Angela Sullivan Engledowl

07-953                                                         276 S.W.3d 242

Supreme Court of Arkansas
Opinion delivered February 14, 2008

*Bracewell & Giuliani, LLP,* by: *J. Clifford Gunter III* and *Andrew
M. Edison; Hart, Cranford, Shaw, & Freeze, LLP,* by: *Nelson v. Shaw;*
and *Wright, Lindsey & Jennings LLP,* by: *Troy A. Price,* for petitioners.

*Patton, Roberts, McWilliams & Capshaw,* by: *Phillip N. Cockrell,
Richard A. Adams,* and *Shivali Sharma; Keil & Goodson,* by: *John C.
Goodson* and *Matt Keil; Nix, Patterson & Roach, LLP,* by: *C. Cary
Patterson* and *Michael B. Angelovich; James M. Pratt, Jr. PA,* by: *James M.
Pratt, Jr.;* and *Eggleston & Briscoe,* by: *Wade Vandiver* and *Bill Eggleston,*
for respondents.

R OBERT L. BROWN, Justice. ■ Kinder Morgan Texas
Pipeline, L.P.; Kinder Morgan Energy Partners, L.P.;

Kinder Morgan G.P., Inc.; Kinder Morgan Tejas Pipeline, L.P.; Kinder Morgan Tejas Pipeline GP, Inc.; Texas Gas, LLC; Houston Pipeline Company; HPL GP, LLC; Gulf Energy Marketing, LLC; KM Texas Pipeline, LP; Midcon Corp.; AEP Gas Marketing, L.P.; and Shell U.S. Gas & Power, LLC (collectively "Kinder Morgan") petition this court for writs of mandamus, certiorari, and prohibition to direct the Miller County Circuit Court to follow this court's mandate in *Centerpoint Energy, Inc. v. Miller County Circuit Court*, 370 Ark. 190, 258 S.W.3d 336 (2007) (*Centerpoint I*) and to dismiss plaintiffs' claims. For the reasons stated in *Centerpoint Energy, Inc. v. Miller County Circuit Court*, 372 Ark. 343, 276 S.W.3d 231 (2008) (*Centerpoint II*), a companion to this case, this court issues a writ of mandamus to require the circuit court to follow the mandate issued in *Centerpoint I*, which held that the circuit court was wholly without jurisdiction over all claims as they relate to Arkansas customers. In addition, this court issues a writ of prohibition because, if the circuit court is wholly without jurisdiction over all claims as they relate to Arkansas customers, venue is improper in Miller County.

Writ of mandamus granted; writ of prohibition granted; writ of certiorari moot.

HANNAH, C.J., and DANIELSON, J., concur.

GUNTER, J., not participating.

PAUL E. DANIELSON, Justice, concurring. I concur with the result as stated by the majority, but only as to where the instant case now stands. I write only to go on record as noting that I continue to disagree that the circuit court was wholly without jurisdiction as held by the majority in *Centerpoint I* and believe this court erred by granting the writ of prohibition in that case.

From the beginning, it has been my opinion that the instant case is more than a simple rate case. In fact, the defendants had initially removed the case to federal district court, and the federal court remanded the case back to the circuit court, finding that the claims were based exclusively on Arkansas common law. The complaint asserted that Centerpoint and its affiliates were involved in a fraudulent "high-low" selling scheme for natural gas that created huge profits for the company at the expense of residential customers. *See Centerpoint Energy, Inc. v. Miller County Circuit Court*, 370 Ark 190, 258 S.W.3d 336 (2007) (*Centerpoint I*). The plaintiffs alleged that suppliers sold natural gas to the regulated utility

divisions of Centerpoint for resale to residential and commercial consumers in the states of Arkansas, Texas, Oklahoma, Louisiana, and Mississippi at prices far above market prices. *See id.* The cost of the natural gas was then passed on to the customers through a purchased-gas adjustment clause. *See id.* Because of these high-priced purchases by the regulated subsidiaries, the gas suppliers were then able to sell natural gas to unregulated subsidiaries at below-market prices, and those subsidiaries, in turn, sold the natural gas to major commercial and industrial consumers. *See id.* Industrial natural gas prices are not government regulated, and the complaint alleged that because Centerpoint bought this natural gas at such low prices, it obtained a competitive advantage in the industrial natural gas market. *See id.* The complaint asserted causes of action against the defendants for fraud, unjust enrichment, and civil conspiracy and sought relief on behalf of residential and commercial customers in the form of actual money damages sustained as a result of the alleged fraud, as well as exemplary and punitive damages and reasonable and necessary attorneys' fees. *See id.*

The General Assembly has made clear that the jurisdiction of the Arkansas Public Service Commission "to adjudicate public rights does not and cannot, however, extend to disputes in which the right asserted is a private right found in the common law of contracts, torts, or property." Ark. Code Ann. § 23-3-119(f) (Repl. 2002). The majority in *Centerpoint I* held that, "[i]n essence, the plaintiffs are complaining that they are being charged too much for natural gas, and their actual damages can only be measured by comparing the rates they have been charged and the rates they should have been charged absent the alleged fraudulent conduct." I continue to disagree with that premise.

Our original review of this case was to be confined to the pleadings. *See Erin, Inc. v. White County Circuit Court,* 369 Ark. 265, 253 S.W.3d 444 (2007). My review of the pleadings reveals that the essence of plaintiffs' complaint is unjust enrichment, and that they are most definitely seeking disgorgement of profits by the gas suppliers. For the above reasons, I continue to believe this court erred in granting the original writ of prohibition.

HANNAH, C.J., joins.