2010 Ark. 224

**ARKANSAS PUBLIC DEFENDER COMMISSION, Appellant/Petitioner,**

v.

**PULASKI COUNTY CIRCUIT COURT, FOURTH DIVISION; Hon. Herbert Thomas Wright, Jr., Judge; & Abdulhakim Muhammad, Appellees/Respondents.**

No. CR 10–120.

Supreme Court of Arkansas.

May 13, 2010.

Rehearing Denied June 24, 2010.

See also, 2010 WL 682203.

Didi H. Stallings, Exec. Dir. of the Ark. Pub. Defender Comm'n, by: Jeff Rosenzweig, for appellant/petitioner.

The Claiborne Ferguson Law Firm, by: Claiborne Hambrick Ferguson, Memphis, TN, for appellee/respondent.

PAUL E. DANIELSON, Justice.

This case arose from an order of the Pulaski County Circuit Court ordering the Arkansas Public Defender Commission (APDC) to pay expenses associated with the defense of Abdulhakim Muhammad, a capital-murder defendant, who is represented by retained counsel. The decision of the circuit court was announced from the bench on January 11, 2010, and entered by order on January 21, 2010. On that same day, the circuit court denied the APDC's motion for reconsideration. The APDC filed a notice of appeal and intent to petition for writs of prohibition and certiorari with this court on January 22, 2010, submitting that the matter was cognizable as both an appeal and an extraordinary writ.

On February 4, 2010, the APDC filed with this court a motion to stay the circuit court's order and a motion for expedited briefing and consideration. On February 9, 2010, the APDC filed a pro forma petition for writs of prohibition and certiorari. Muhammad filed a response opposing the APDC's motion for expedited briefing and consideration and its motion to stay on February 10, 2010. On that same day, Muhammad filed a motion to join indispensable parties. The APDC filed a response to that motion on February 22, 2010.

On February 25, 2010, this court granted the APDC's motions to stay and expedite and denied Muhammad's motion to join indispensable parties without prejudice. Additionally, we ordered briefing on the issues presented and directed our clerk to set a briefing schedule. The parties have filed their briefs, and we now turn to the merits of the APDC's argument.

A review of the record reveals that the order appealed from is not a final, appealable order pursuant to Ark. R.App. P.-Civ. 2(a). Although the present matter is not a proper interlocutory appeal, the APDC also filed a petition for writs of prohibition and certiorari. Here, however, the APDC failed to demonstrate that it is entitled to either such writ.

■ It is well settled that a writ of prohibition is an extraordinary writ that is only appropriate when the lower court is wholly without jurisdiction. *See Erin, Inc. v. White County Circuit Court*, 369 Ark. 265, 253 S.W.3d 444 (2007). In addition, the writ is appropriate only when no other remedy, such as an appeal, is available. *See id.* Prohibition is a proper remedy when the jurisdiction of the lower court depends upon a legal rather than a factual question. *See id.* We confine our review to the pleadings in the case. *See id.* Moreover, prohibition is never issued to

prohibit a trial court from erroneously exercising its jurisdiction. *See id.* Writs of prohibition are prerogative writs, extremely narrow in scope and operation; they are to be used with great caution and forbearance; they should issue only in cases of extreme necessity. *See id.* Finally, this court has repeatedly stated that we will not issue a writ of prohibition for something that has already been done. *See Allen v. Circuit Court of Pulaski County, Ninth Div.*, 2009 Ark. 167, 303 S.W.3d 70 (citing *Holmes v. Lessenberry*, 297 Ark. 23, 759 S.W.2d 37 (1988) (per curiam)).

■ Here, pursuant to Arkansas Code Annotated section 16–87–212 (Repl.2005), the circuit court clearly had subject-matter jurisdiction to order the APDC to make an authorized payment in a case involving an indigent defendant. The circuit court ordered the APDC to pay the reasonable and necessary expenses of Muhammad's defense. Furthermore, the circuit court denied the APDC's motion for reconsideration. Accordingly, relief in the form of a writ of prohibition does not lie. *See id.*

■ The APDC additionally requested a writ of certiorari. There are two requirements that must be satisfied in order for this court to grant a writ of certiorari. *See Jordan v. Circuit Court of Lee County*, 366 Ark. 326, 235 S.W.3d 487 (2006). The first requirement for a writ of certiorari is that there can be no other adequate remedy but for the writ of certiorari. *See id.* Second, a writ of certiorari lies only where (1) it is apparent on the face of the record that there has been a plain, manifest, clear, and gross abuse of discretion, or (2) there is a lack of jurisdiction, an act in excess of jurisdiction on the face of the record, or the proceedings are erroneous on the face of the record. *See id.* Thus, a writ of certiorari is appropriate when, on the face of the record, it is

apparent that no other remedy is available to correct a plain, manifest, and gross abuse of discretion by the circuit court. *See Chiodini v. Lock,* 373 Ark. 88, 281 S.W.3d 728 (2008).

The APDC argues that the circuit court exceeded its jurisdiction by ordering the APDC to pay certain expenses of Muhammad's defense because, the APDC contends, Arkansas law prohibited the expenditure of the APDC's funds to subsidize defense costs of indigent defendants when represented by retained counsel. We disagree.

The United States Supreme Court "has long recognized that when a State brings its judicial power to bear on an indigent defendant in a criminal proceeding, it must take steps to assure that the defendant has a fair opportunity to present his defense." *Ake v. Oklahoma,* 470 U.S. 68, 76, 105 S.Ct. 1087, 84 L.Ed.2d 53 (1985). It has further recognized that "justice cannot be equal where, simply as a result of his poverty, a defendant is denied the opportunity to participate meaningfully in a judicial proceeding in which his liberty is at stake." *Id.* In expanding on that principle, the Court has explained:

[A] criminal trial is fundamentally unfair if the State proceeds against an indigent defendant without making certain that he has access to the raw materials integral to the building of an effective defense. Thus, while the Court has not held that a State must purchase for the indigent defendant all the assistance that his wealthier counterpart might buy, it has often reaffirmed that fundamental fairness entitles indigent defendants to 'an adequate opportunity to present their claims fairly within the adversary system[.]' To implement this principle, we have focused on identifying the 'basic tools of an adequate defense or appeal,' and we have required that

such tools be provided to those defendants who cannot afford to pay for them. *Id.* at 77, 105 S.Ct. 1087 (citations omitted).

In the instant case, the circuit court ordered the APDC to pay the "reasonable and necessary" costs of Muhammad's defense even though he was being represented by retained counsel. The circuit court ruled from the bench that, "[a]s the legislature defines indigent, I think Mr. Muhammad qualifies, and under *Ake*'s unique's [sic] progeny I think that, and under this definition [sic] that the legislature anticipated providing expenses in indigent cases, even where the State have not [sic] provided them counsel." In its written order, the court cited to Arkansas Code Annotated section 16–87–212 (Repl. 2005), which provides:

(a)(1) The Arkansas Public Defender Commission is authorized to pay for certain expenses regarding the defense of indigents.

(2) The expenses shall include, but shall not necessarily be limited to, fees for appointed counsel, expert witnesses, temporary investigators, testing, and travel.

(3)(A) Whenever a judge orders an authorized payment in a case involving an indigent person, a copy of the order accompanied by a detailed explanation of services rendered, time spent, and expenses incurred shall be transmitted to the commission, and the commission shall set the amount of compensation.

(B) Orders as authorized throughout this chapter shall be paid by the commission provided sufficient funds are available.

(b)(1) With the approval of the executive director, trial public defenders, appointed private attorneys, and the Capital, Conflicts, and Appellate Office are hereby authorized to utilize the

services of the State Crime Laboratory for pathology and biology, toxicology, criminalistics, raw drug analysis, latent fingerprint identification, questioned documents examination, firearms and toolmarks identification, and in other such areas as the trial judge may deem necessary and appropriate.

(2) If approved by the executive director, the State Crime Laboratory shall provide the requested services.

₅(c) At the discretion of the commission, capital murder cases and all proceedings under the Arkansas Rules of Criminal Procedure, Rule 37.5, shall be paid entirely by the commission.

▮▮▮ A circuit court's conclusion on a question of law is reviewed de novo. *See Helena–West Helena Sch. Dist. v. Fluker,* 371 Ark. 574, 268 S.W.3d 879 (2007). We also review statutory interpretation de novo, as it is for this court to determine the meaning of a statute. *See Dachs v. Hendrix,* 2009 Ark. 542, 354 S.W.3d 95; *Osborn v. Bryant,* 2009 Ark. 358, 324 S.W.3d 687. Our rules of statutory construction are well settled:

> The basic rule of statutory construction is to give effect to the intent of the legislature. Where the language of a statute is plain and unambiguous, we determine legislative intent from the ordinary meaning of the language used. In considering the meaning of a statute, we construe it just as it reads, giving the words their ordinary and usually accepted meaning in common language. We construe the statute so that no word is left void, superfluous or insignificant, and we give meaning and effect to every word in the statute, if possible.

*Dachs,* 2009 Ark. 542, at 7, 354 S.W.3d at 100 (quoting *City of Little Rock v. Rhee,* 375 Ark. 491, 495, 292 S.W.3d 292, 294 (2009)).

▮▮▮ Clearly, the language of section 16–87–212 does not limit the use of APDC funds for the defense of only those indigent defendants represented by the APDC.[1] The APDC argues that when section 16–87–212 is read in conjunction with the other sections of the Public ₇Defender Act, it is clear that the APDC is not permitted to expend funds in cases where a criminal defendant is represented by retained counsel. The APDC does not attempt to argue that the plain language of the statute limits the use of the APDC funds in that manner and, at oral argument, admitted that the language is not ambiguous. This court has instructed that when the language of a statute is plain and unambiguous, there is no need to resort to rules of statutory construction. *See Hanners v. Giant Oil Co. of Arkansas, Inc.,* 373 Ark. 418, 284 S.W.3d 468 (2008). When a statute is clear, it is given its plain meaning, and this court will not search for legislative intent; rather, that intent must be gathered from the plain meaning of the language used. *See id.*

Our Public Defender Act defines an indigent person as a person "who, at the time his or her need is determined, is without sufficient funds or assets *to employ an attorney or afford other necessary expenses incidental thereto.*" Ark.Code Ann. § 16–87–201(3) (Repl.2005) (emphasis added). While Muhammad, with outside help, was able to retain counsel, he was still found indigent by the circuit court because he could not afford the necessary

---

**1.** In its brief, the APDC cites to language recently enacted during the 2010 fiscal session of the General Assembly that would limit the use of APDC funds to only those cases in which the defendant is represented by counsel who have been qualified by the APDC. *See* Act 285 of 2010. However, the APDC admits that this newly enacted language would not apply to the instant case.

expenses of an adequate defense. The APDC does not challenge the circuit court's finding of indigence on appeal. Section 16–87–212 authorizes the APDC to pay for certain expenses regarding the defense of indigents which include, but are not necessarily limited to, fees for appointed counsel, expert witnesses, temporary investigators, testing, and travel. *See* Ark. Code Ann. § 16–87–212(a)(1) & (2). The circuit court ordered payment for certain aspects of Muhammad's defense and followed the proper procedure for doing so. *See* Ark.Code Ann. |₈ § 16–87–212(a)(3)(A).

 The APDC further contends that it does not violate a defendant's rights under the Sixth Amendment to require a defendant to be appointed counsel in order to receive state funds for expenses relating to their defense. Other jurisdictions have properly considered that issue;[2] however, it is not currently ripe for our review, because, as we have already held, Arkansas law did not require Muhammad to be

represented by appointed counsel in order for the circuit court to authorize the use of APDC funds for necessary and reasonable expenses regarding his defense. Any opinion on that issue would be advisory, and it is well settled that this court will not issue advisory opinions. *See Riceland Foods, Inc. v. Pearson,* 2009 Ark. 520, 357 S.W.3d 434.

For all of the foregoing reasons, the interlocutory appeal is dismissed, and the writ of prohibition and writ of certiorari are both denied.

Appeal dismissed; writ of prohibition denied; writ of certiorari denied; stay lifted.

**2.** *See, e.g., Moore v. State,* 390 Md. 343, 889 A.2d 325 (2005) (holding that the State had not deprived the petitioner of any of his constitutional rights by requiring that he apply to the Office of the Public Defender for representation before he was entitled as an indigent to State-funded services); *State v. Brown,* 139 N.M. 466, 134 P.3d 753 (2006) (holding that where a defendant's indigence has been conclusively established, he or she is entitled to obtain funding for expert witness fees regardless of whether he or she is represented by the state department, by a contract attorney, or by a private pro bono attorney, subject to the same requirements imposed on all state-department clients).