Eva Margaret GLOVER *v.* Clarence Marvin GLOVER

CA 81-130                                      627 S.W. 2d 30

Court of Appeals of Arkansas
Opinion delivered January 27, 1982
[Supplemental Opinion on Denial of Rehearing March 10, 1982.*]

*Reed Williamson, Kay L. Matthews,* and *H. N. Means, III,* for appellant.

*David Hale* and *Phillip W. Ragsdale,* for appellee.

TOM GLAZE, Judge. This is a divorce case. The issues raised on appeal are limited to the trial court's order dividing the parties' property. In February, 1980, the trial court granted appellee a divorce and gave him custody of the parties' children. The court then awarded each party certain personal property and recognized their joint indebtedness to appellant's parents in the sum of $16,300, but it held in abeyance, awarding any interest the parties owned in their home, furniture, farm equipment, cattle and the John H. Glover & Son partnership.

The court requested additional information and appraisals before disposing of the parties' rights in the above

*628 S.W. 2d 882.

items. One material piece of evidence requested by the court was what pay-off amount Farmers Home Administration (F.H.A.) would accept to release the parties' home from a mortgage it held in connection with a loan given the Glover partnership. The partnership was comprised of appellant, appellee and his parents.

In March, 1980, after receiving the requested information, the court, by letter to the parties' respective counsel, found: (1) appellant had a marital property interest in the Glover partnership and was entitled to a one-fourth share; (2) the partnership had a negative net worth of $5,494.12; (3) the parties had a marital interest in their home which was appraised at $48,000; and (4) the F.H.A. would require payment of $48,000 before it would release the parties' home from the mortgage securing the partnership debt.

After making its findings, the court, by letter, invited appellant's attorneys to submit any objection they had concerning any documents or information used by the court to support its findings. Until appellant's attorneys had an opportunity to respond, the court withheld deciding how to dispose of the parties' interests in the partnership and their home. Counsel for appellant did file a motion noting appellant's objections. The court set a hearing on appellant's motion for July 9, 1980.

After the hearing in July, the court signed and entered its order in October, 1980. The order awarded the parties their interests in the previously unawarded property set out in the court's order entered in February, 1980. It is the October order from which appellant appeals. She challenges the court's findings, which in essence required the following: (1) the parties' home is to be sold and the net proceeds from the sale are to be used to pay the F.H.A. partnership debt; (2) any remaining sale proceeds must then be applied to liquidate the $16,300 debt owed appellant's parents; and (3) appellee is awarded all the parties' interest in the partnership, and he must assume its debts.

The October, 1980, order was prepared pursuant to findings set forth in the trial judge's letter dated September 9, 1980, to the parties' attorneys. The court set forth in its letter how it computed the partnership's net worth and the

values it used in deriving that figure. The court found the partnership had a negative net worth of $1,698.83, or $3,795.29 less than it found in March, 1980. The court also noted in its September letter what it did not consider when calculating net worth, *viz.*, certain accounts payable which the court ruled were not properly introduced into evidence. On appeal, appellant claims the trial court erred in computing the partnership's net worth and in ordering the proceeds from the sale of the parties' home to be used to liquidate the partnership debt owed to F.H.A. We agree with appellant on both issues.

First, we hold the trial court clearly erred when it ordered appellant's one-half interest in the parties' marital home to be applied to the net worth of the Glover partnership, a business in which she had only a one-fourth interest. The court compounded its error when it awarded the appellant's one-fourth interest in the partnership to appellee. The court's action in this respect contravenes the provisions of Ark. Stat. Ann. § 34-1214 (Repl. 1979), which requires all marital property to be distributed one-half to each party, unless the court finds such a division to be inequitable. A court may, under certain conditions specified in § 34-1214, distribute marital property in a different manner, but its reasons must be recited in the court's order. Here, the court failed to provide any reasons in its order indicating the bases for depriving appellant of her marital property interest in the Glover partnership.

There is nothing in the record which shows appellant received anything in return for the partnership interest taken from her by the court, and we believe it would be inequitable under the facts before us to permit her interest to be given to appellee. Since we review the cause *de novo,* we find the appellant's one-fourth interest in the Glover partnership should be reinstated to her.

Although we find no error in the court's decision directing the parties' home sold, we find the court is without authority in this cause to require the sale proceeds to be used to pay the F.H.A. loan. Since F.H.A. maintains a mortgage against the home, any proceeds from the sale of the home will certainly be subject to the rights retained by F.H.A. In

the event of a sale, appellant would then be in the position of asserting her rights against the Glover partnership if F.H.A. acquired any or all the net proceeds from the sale. For this reason and others discussed below, we believe the furtherance of justice requires us to remand this cause to the trial court so it can determine whether the parties' home should still be sold in view of this court's decision concerning the parties' rights and interests relating to the partnership and its F.H.A. debt.

The trial court rendered its final decision in this case over one year ago, and the economy and circumstances of the parties have changed. The trial court is in a much better vantage to decide the disposition of the parties' home. Appellant requests this court to remand with instructions she be given a "changing order" giving her a lien on the partnership assets if the home is sold and the sale proceeds are applied to the F.H.A. loan. She cites no legal authority by which such a lien can be imposed. Although an equitable lien can be impressed under certain circumstances, we fail to find they exist.[1] While we decline appellant's request to direct a lien be imposed, appellant possesses other legal remedies upon which she can rely to protect her marital interests in the partnership and home.

Our findings and directions on remand make it unnecessary for us in this appeal to discuss any errors made by the court in computing the net worth of the partnership. Suffice it to say, the trial court failed to credit appellant with the $48,000 payment it projected would be made on the F.H.A. partnership debt after the sale of the parties' home. This failure by the trial court caused it to erroneously find the partnership possessed a negative net worth, which was one of the reasons given by the court in one of its letters to counsel for its giving appellee the appellant's marital one-fourth interest.

In conclusion, we recognize that the trial court ordered the marital debt owed appellant's parents to be paid from the

---

[1]The court, in *Lowrey* v. *Lowrey*, 251 Ark. 613, 473 S.W. 2d 431 (1971), held it was error to impress an equitable lien upon property as security for a loan where the evidence does not show an agreement to give the lender a loan or that the loan was acquired through trickery or fraud.

net proceeds after the sale of the home. While the court may have authority to direct such payment, the court may decide to modify its order when it decides the disposition of the parties' rights in their home. Therefore, we remand this cause directing the trial court to also consider whether any modification is necessary in its order requiring payment of this marital debt, especially if the parties' home is not sold. In doing so, we in no way intend to affect the parties' or creditors' rights relative to the debt, including those legal rights or remedies available to them in other proceedings which may arise as a result of the indebtedness.

We reverse and remand with directions to the trial court to proceed consistent with the findings and conclusions set forth in this opinion.

Reversed and remanded.

Supplemental Opinion on Denial of Rehearing delivered March 10, 1982

628 S.W. 2d 882

PER CURIAM. We deny appellee's petition for rehearing. In doing so, we note appellee's concern that this Court failed to consider point four in his brief. This point or issue argued by appellee was considered and found without merit.

Appellee argued that this appeal should be dismissed because of appellant's failure to file a statement of points coincidental with the filing of her notice of appeal. Appellee failed to raise this issue by a motion to dismiss. Rather, he urged this point for affirmance after appellant filed her brief. The brief contained all three issues she intended to argue on appeal.

Appellant submitted an abstract of record which was sufficient to review all errors she assigned on appeal, and therefore, we were in a position to decide each argument on its merits. If appellee was dissatisfied with the abstract of record, he could have easily submitted a supplemental

abstract. We are unable to perceive how appellee was prejudiced by appellant's failure to file a statement of points at the time the notice of appeal was filed. See *Pine Bluff National Bank* v. *Parker*, 253 Ark. 966, 490 S.W. 2d 457 (1973).