Robert B. DUNCAN *v* Bessie T. DUNCAN

CA 83-128                                            665 S.W.2d 893

Court of Appeals of Arkansas
Division I
Opinion delivered March 7, 1984
[Rehearing denied March 28, 1984.]

*Herrod & Vess*, by: *E. H. "Buzz" Herrod* and *Elizabeth Wood*, for appellant.

*Martindale & Phillips*, by: *Everett O. Martindale*, for appellee.

TOM GLAZE, Judge. This appeal arises from the property settlement provisions of a divorce decree entered in Pulaski County on March 3, 1983. The divorce came nearly two years after the first action was filed between these parties. In that initial action, the appellee, Bessie Duncan, filed for divorce and on January 7, 1982, during the pendency of the suit, the parties executed a property settlement agreement. On May 21, 1982, appellee's complaint was dismissed and appellant filed for divorce in Pulaski County. Before that divorce action was concluded, appellee went to Florida, where she filed another divorce action on June 2, 1982.[1] However, on March 3, 1983, the Arkansas court awarded appellant a divorce and adjudicated the parties' property rights. Appellant urges the chancellor erred (1) in not considering the partial performance of the parties' previous property settlement agreement; and (2) in not stating the reasons for an inequitable division of marital property as required by Act 705 of 1979.

For his first point for reversal, appellant argues that because the parties had partially distributed their personal property prior to the hearing by the terms of their 1982 agreement, the chancellor abused his discretion in not upholding the agreement in its entirety. Appellant points to evidence of the parties' intent to carry out the terms of the agreement. Appellant also maintains that appellee relied on the contract for benefits and is therefore estopped to deny its validity. In our search of the record, however, we find that the issue of upholding the agreement was not raised below. The appellant's complaint for divorce, which was filed four-and-one-half months after the contract was executed, included no mention of the contract. In fact, the complaint provided, in part, "The parties own individually and jointly

---

[1]The question of whether jurisdiction lay in Arkansas or Florida was adjudicated below and is not an issue on appeal.

real and personal property which should be partitioned and divided as provided by law." Even though the property settlement agreement was introduced as an exhibit at the divorce hearing, the appellant did not ask the chancellor to enforce it. It is well settled that appellant cannot raise an issue for the first time on appeal. *Wilson* v. *Kemp*, 7 Ark. App. 44, 644 S.W.2d 306 (1982).

For his second point for reversal, appellant contends the chancellor erred in not stating reasons for an inequitable division of marital property as required by Act 705 of 1979. Both parties testified that after signing the property settlement agreement in January, 1982, they partially divided their jointly-held personal property. The most significant items included six $10,000 savings certificates which the parties divided evenly. At the time of the hearing, the appellant testified that he still had all his one-half, *i.e.* thirty thousand dollars, and that he had spent only a portion of the interest he had earned from his deposit. The appellee, on the other hand, testified that she had only seven thousand dollars remaining of her thirty thousand, and that she had spent the other twenty-three thousand dollars on living expenses for the year preceding the hearing. The chancellor ordered that all marital property be divided equally between the parties at the time of the divorce, thus requiring appellant to divide his thirty thousand dollars with appellee, and appellee to divide her seven thousand dollars with appellant. Appellant argues that the result of the chancellor's decree is that appellant received less than one-fourth of the savings certificates, while appellee received more than three-fourths of the certificates. We agree with appellant that such a result is inequitable and is prohibited in view of the chancellor's failure to set out in writing his reasons for an inequitable division of the parties' property. Ark. Stat. Ann. § 34-1214 (Supp. 1983) provides, in part:

(A) At the time a divorce decree is entered:
(1) All marital property shall be distributed one-half [1/2] to each party unless the court finds such a division to be inequitable, in which event the court shall make some other division that the court deems equitable taking into consideration (1) the length of the

marriage; (2) age, health and station in life of the parties; (3) occupation of the parties; (4) amount and sources of income; (5) vocational skills; (6) employability; (7) estate, liabilities and needs of each party and opportunity of each for further acquisition of capital assets and income; (8) contribution of each party in acquisition, preservation or appreciation of marital property, including services as a homemaker; and (9) the federal income tax consequences of the Court's division of property. When property is divided pursuant to the foregoing considerations the court must state its basis and reasons for not dividing the marital property equally between the parties and such basis and reasons should be recited in the order entered in said matter.

In the case at bar, the chancellor ordered that all personal property be divided equally; he specifically included in his decree "all savings and investments held in the name of either party." Nonetheless, the chancellor failed to credit the parties with those savings which comprised marital property previously and voluntarily divided between them. In failing to do so, he clearly erred by departing from the equal division mandated by § 34-1214(A)(1), *supra.* If the chancellor had specific reasons for not equally dividing the parties' marital savings, he failed to state those reasons in compliance with § 34-1214, *supra. Cf. Glover* v. *Glover,* 4 Ark. App. 27, 627 S.W.2d 30 (1982) (Chancellor erred in ordering wife's one-half interest in marital home to be applied to net worth of family partnership in which she had only a one-fourth marital interest and further erred in awarding her one-fourth partnership interest to her husband).

The chancellor no doubt considered the parties' disparate positions; this is evidenced by his awarding $780 a month alimony to the wife to offset the obvious inequality in the parties' earning abilities. Therefore, we reverse only that portion of the decree which ordered a division of the savings certificates already divided by the parties and remand for the court to enter its order consistent with this decision.

Reversed and remanded.

CLONINGER and CORBIN, JJ., agree.