Eva Margaret GLOVER *v.* Clarence Marvin GLOVER

CA 84-334                                                    689 S.W.2d 592

Court of Appeals of Arkansas
Division II
Opinion delivered May 22, 1985

*Kay L. Matthews*, for appellant.

*House, Wallace & Jewell, P.A.*, by: *Gary B. Rogers*; and *Glover & Glover*, by: *Mark Roberts*, for appellee.

JAMES R. COOPER, Judge. This is the second appeal of this case. In *Glover* v. *Glover*, 4 Ark. App. 27, 627 S.W.2d 30 (1982), we reversed the chancellor's decision regarding the division of certain marital property, and remanded with instructions to reinvest the appellant (wife) with an interest in a farming partnership. The chancellor, on remand, determined that the appellant's interest in the farming partnership should be valued as of the date of the divorce. From that decision, comes this appeal.

The sole issue presented on appeal is whether the appellant's interest in the partnership is a marital interest which should be fixed as of the date of the divorce, or whether, as the appellant contends, her interest is actually a partnership interest which survived the divorce and exists today. The chancellor found that her interest was a marital one. We affirm.

First, we deal with the appellant's contention that in the first *Glover* appeal we determined that her interest was that of a partner, and, that issue having been decided, the doctrine of law of the case requires that her interest be considered one of a partner rather than a spouse. We disagree. The appellant quotes from our earlier opinion which stated that "we find the appellant's one-fourth interest in the Glover partnership should be reinstated to her." *Glover, supra* at 29. From that sentence, the appellant contends that we decided that she had an interest in the farming partnership independent of her interest which arose because of the marital relationship. Although it is possible to read

the quoted sentence in that light, it would be incorrect to do so because the appellant never, at least until the hearings on remand, contended that she had anything other than a marital interest in the partnership. It is true that "matters decided upon one appeal become the law of the case and govern even this court upon a second appeal", *Wilson* v. *Rodgers*, 256 Ark. 276, 507 S.W.2d 508 (1974), but the question is open as to what matters were "decided upon appeal".

On appeal in the first *Glover* case, the appellant (wife) claimed that the trial court erred in computing the net worth of the partnership and in ordering the proceeds from the sale of the marital home to be used to liquidate a partnership debt. We agreed with the appellant on both points. Those were the only issues presented to us and the only issues decided. We did state that the farm partnership was comprised of the husband, the wife, and the husband's parents, but that statement was in error since the partnership was only comprised of the husband and his father. We would be bound by a determination that the wife had a partnership interest in the farming operation had we actually decided that she did in the earlier case, whether such a determination was accurate or not, but we made no such determination. Although we could have been more precise in our characterization of the nature of her interest, it is clear that this Court, the chancellor, and all the parties viewed the appellant's interest as one which existed solely because of the marital relationship. The appellant did have a one-fourth interest in the Glover partnership because she was entitled, under Ark. Stat. Ann., Section 34-1214 (Repl. 1979), to one-half of the parties' marital property, and the husband had a one-half interest in the partnership. Had the wife actually been a partner her interest might have been 90%, 50%, 25%, or whatever other percentage was established by the partnership agreement. The appellant seeks to bootstrap herself into a one-fourth interest in the partnership by using her spousal rights to establish her percentage of ownership and then claim that her interest was not a marital one at all but an actual partner's share. Her position is inconsistent, both with our earlier opinion and with logic, though in light of our statements in *Warren* v. *Warren*, 12 Ark. App. 260, 675 S.W.2d 371 (1984) we understand why she makes the argument. While the legal distinction we made between the *Warren* and *Glover* cases was correct, our factual reference in *Warren* that the wife had a

partnership interest was incorrect.

We hold that the chancellor correctly interpreted our first *Glover* opinion, and that he did not exceed the scope of our directions on remand.

Affirmed, and remanded for further proceedings consistent with this opinion.

CORBIN and GLAZE, JJ., agree.