2009 Ark. App. 755

**Tim JOHNSON, Appellant,**

v.

**ARKANSAS STEEL ERECTORS; Commerce and Industry Insurance Company/AIG Claims Service; Erin, Inc., & Robert S. Harris, Jr., Appellees.**

**No. CA 08–1143.**

Court of Appeals of Arkansas.

Nov. 11, 2009.

McMath Woods, P.A., by Neil Chamberlin, Little Rock, and Will Bond, Jacksonville; Ludwig Law Firm, by Gene Ludwig, Little Rock; and John Patterson, Searcy, for appellant.

James & House, P.A., by: Matthew R. House, Little Rock, for appellees.

DAVID M. GLOVER, Judge.

Appellant, Tim Johnson, suffered multiple admittedly compensable injuries on March 27, 2003, when a pendant line on a fifty-ton crane broke, causing a boom to fall on him. He was working for appellee Arkansas Steel Erectors, Inc. (ASE) at the time. He filed a workers' compensation claim against ASE, and is receiving benefits. In addition, he filed a third-party tort claim against appellees Erin, Inc., and Robert Harris, Jr., alleging in his complaint that it was their negligence, because the crane had not been properly inspected, maintained, and repaired, that caused the event resulting in his injuries. When the trial court denied these appellees' motions to transfer the case to the Commission for a jurisdictional determination, Erin, Inc., and Harris petitioned our supreme court for a writ of prohibition, which was granted. The case was transferred to the Commission for a determination on jurisdiction. The ALJ concluded that the Commission had jurisdiction over the claim and that the exclusive-remedies provision of the Workers' Compensation Act precluded appellant from seeking recovery against Erin, Inc. and Harris on the tort claim. The Commission affirmed and adopted the ALJ's decision.

In this appeal, Johnson contends that the Commission erred in concluding that it had jurisdiction over his tort claims against Erin, Inc. and Harris and in deciding that Erin, Inc. and Harris were immune under Arkansas Code Annotated section 11–9–105(a) (Repl.2002). We agree, and therefore, reverse and remand.

*Constitutional limitation*

Article 5, section 32 of our constitution imposes constraints on the legislature. The legislature has the power to enact laws prescribing the amount of compensation to be paid for injuries resulting in death or injuries only in situations involving compensation paid by employers to employees who have been injured or have died while employed:

> The General Assembly shall have power to enact laws prescribing the amount of compensation to be paid *by employers* for injuries to or death of *employees,* and to whom said payment shall be made. It shall have power to provide the means, methods, and forum for adjudicating claims arising under said laws, and for securing payment of same. *Provided, that otherwise no law shall be enacted limiting the amount to be recovered for injuries resulting in death or for injuries to persons or property;* and in case of death from such injuries the right of action shall survive, and the General Assembly shall prescribe for whose benefits such action shall be prosecuted.

(Emphasis added.)

Arkansas Code Annotated section 11–9–105(a) provides:

11–9–105. Remedies exclusive—Exception.

(a) The rights and remedies granted to an employee subject to the provisions of this chapter, on account of injury or death, *shall be exclusive* of all other rights and remedies of the employee, his legal representative, dependents, next of kin, or anyone otherwise entitled to recover damages from *the employer, or any principal, officer, di-*

*rector, stockholder, or partner acting in his or her capacity as an employer, or prime contractor of the employer, on account of the injury or death, and the negligent acts of a co-employee shall not be imputed to the employer. No role, capacity, or persona of any employer, principal, officer, director, or stockholder other than that existing in the role of employer of the employee shall be relevant for consideration for purposes of this chapter, and the remedies and rights provided by this chapter shall in fact be exclusive regardless of the multiple roles, capacities, or personas the employer may be deemed to have.*

(Emphasis added.) While this section deals with the exclusivity of the workers' compensation laws with respect to an employee's rights and remedies against his/her employer, Arkansas Code Annotated section 11–9–410(a)(1)(A) makes it clear that an employee's right to pursue third-party liability is not affected by the workers' compensation laws:

(a) Liability Unaffected. (1)(A) The making of a claim for compensation against any employer or carrier for the injury or death of an employee *shall not affect the right of the employee, or his or her dependents, to make a claim or maintain an action in court against any third party for the injury,* but the employer or the employer's carrier shall be entitled to reasonable notice and opportunity to join in the action.

(Emphasis added.)

### Historical facts

Against this backdrop, the pertinent facts of this case are not seriously disputed. Appellant was an employee of ASE when he sustained admittedly compensable injuries on March 27, 2003. His injuries were caused by the collapse of a crane boom line. The crane involved in the injury, however, was owned by Erin, Inc., not ASE.

Erin, Inc., is a domestic corporation that was organized in December 1983. At all relevant times, Harris was the sole shareholder of Erin, Inc., serving, *inter alia,* as its president, registered agent, and chief-job-site manager of operations. ASE is also a domestic corporation. It was organized in April 1996, and Harris served, *inter alia,* as ASE's president, its registered agent, and its chief-job-site manager of operations. He was the sole shareholder of ASE until around 2003, when 250 shares were issued to Mike Bradley, who is not involved in this matter. After the sale of those shares, however, Harris remained the majority shareholder and president of ASE.

Erin, Inc. and ASE exist as separate corporations, having separate employer-identification numbers and filing separate tax returns. On its 2002 tax return, Erin, Inc. did not pay any labor costs for appellant, and, in fact, reported no costs of labor. On the other hand, ASE's 2002 tax return showed that it paid the cost of appellant's and other employees' labor. Erin, Inc. leases out equipment used in the construction of steel frames on commercial building projects.

On March 11, 2002, Nabholz Construction Corporation and ASE entered into a master contract for a project involving additions and renovations to the White County Medical Center. Appellant was working on this project when he was injured. Erin, Inc. was not a party to the contract, but leased to ASE the crane that was involved in appellant's injury. Appellant's allegations of negligence had nothing to do with the operation of the crane, but rather its repair, inspection, and maintenance. He asserted that the crane had been inspected only twice in the eleven years that

it had been owned by Erin, Inc., and that the pendant lines had never been replaced in the crane's thirty-nine-year life.

Following a hearing, the ALJ concluded that

Mr. Harris is not a third party because at the time of the claimant's compensable injury, he was majority shareholder, president, secretary, and treasurer or 'persona' of ASE and protected by the exclusive-remedy provisions of Ark.Code Ann. Section 11–9–105(a). With respect to Erin, which owned the crane at the time of the claimant's injury, I find that because Mr. Harris was the sole owner and operator of Erin, Erin is a 'persona' of Mr. Harris, and protected by the exclusive-remedy provisions of Ark.Code Ann. Section 11–9–105(a).

In reaching this conclusion, the ALJ explained that she considered *Zenith Insurance Co. v. VNE, Inc.,* 61 Ark.App. 165, 965 S.W.2d 805 (1998), to be the controlling case and that pursuant to the holding in that case, she was constrained to find that jurisdiction in this matter was properly placed before the Commission, rather than in the White County Circuit Court. We agree with appellant's contention that *Zenith* is distinguishable from the instant case and that it does not control the outcome.

### Discussion

#### A. *The* Zenith *case is distinguishable*

Zenith Insurance Company, the appellant workers' compensation insurance carrier, filed a complaint against VNE, Inc., Jerry Gardner, and Sierra Hotel Corporation, seeking to recover the amount of workers' compensation benefits that it had paid to Michael Coats, an employee of VNE, Inc. Coats was a passenger in an airplane owned by Sierra Hotel Corporation, and he was injured when the plane crashed. Jerry Gardner, who owned both

VNE (along with his wife) and Sierra Hotel Corporation, was piloting the airplane at the time of the crash. Zenith alleged that VNE and Gardner, as its part-owner, had lied on the insurance application by claiming that VNE did not own, lease, or use an airplane, and that VNE had lied on the comp claim by asserting that the plane crash was work related, thereby causing Zenith to issue a policy that it would not have otherwise issued and to pay workers' compensation benefits that it did not owe. In addition, Zenith alleged that Gardner was negligent in piloting the airplane and that Coats was not entitled to benefits because VNE continued to pay his salary while he was receiving TTD payments from Zenith. VNE filed a motion to dismiss all of the claims asserted by Zenith; the motion was granted by the trial court. Zenith did not appeal the portion of the decision dismissing the claim of misrepresentation concerning VNE's ownership, lease, or use of an airplane. It did, however, appeal the trial court's dismissal of the remaining claims, which was based on the conclusion that they were within the exclusive jurisdiction of the Workers' Compensation Commission.

Our court affirmed the trial court, agreeing that jurisdiction of the remaining claims was with the Commission and rejecting Zenith's argument that Gardner and Sierra were third parties within the meaning of Arkansas Code Annotated section 11–9–410(b) (an employer or carrier liable for compensation for the injury or death of an employee shall have the right to maintain an action in tort against any third party responsible for the injury or death). We explained that Gardner could not be a third party because he was "the sole owner and an officer (and therefore a 'persona') of VNE, Coats's employer; that his employer is protected by the exclusive-remedy provisions of Ark.Code Ann. § 11–

9–105(a)"; and that without a third party, section 11–9–410(b) was not applicable.

We also rejected Zenith's argument that Sierra qualified as a third party within the meaning of section 11–9–410(b) because Zenith's complaint alleged no acts of negligence by Sierra that would subject it to liability as a result of the plane crash. We further rejected Zenith's argument that Gardner and Sierra were two distinct legal entities, finding instead that "Sierra [was] a persona of Gardner in that, as the complaint states, Gardner was acting as owner, agent, and employee of Sierra at the time of the airplane crash that resulted in Coats's injuries." We left to the Commission the issue of whether Coats and Gardner were on a recreational or business trip at the time of the crash.

*Zenith* is distinguishable from the instant case for several reasons:

1) The jurisdictional and exclusive-remedy issues in that case arose in the context of a lawsuit filed by the employer's workers' compensation insurance carrier (Zenith) against the employer (VNE), and other parties, in an effort to recover funds that the carrier alleged were erroneously paid to the employee (Coats). Here, however, the employee (appellant) did not sue his employer (ASE).

2) In *Zenith*, with no analysis, we stated that Gardner was a persona of VNE (which may well have been based on the fact that the allegations against Gardner included lying on VNE's application for workers' compensation insurance and also lying on the claim for benefits, *i.e.*, employer-related conduct). Because *Zenith* does not analyze whether Gardner was provided with immunity because he was sued for his employer-related conduct, the case offers no guidance on the issue we face in the instant case. Moreover, here, the allegations against Harris had nothing to do with any of his roles at ASE, but rather with his non-employer roles with Erin, Inc.

3) In *Zenith*, there were no allegations of negligence against the owner of the airplane (Sierra). Here, however, appellant alleged several acts of negligence against the owner of the crane (Erin, Inc.).

4) In *Zenith*, without any analysis other than repeating the complaint's allegation that Gardner was acting as owner, agent, and employee of Sierra at the time of the crash, and then tacking on the unanalyzed conclusion that Gardner was immune, we stated that Sierra was a "persona" of Gardner and therefore also immune.

While we are sympathetic with how some of the language in *Zenith* led the ALJ to conclude that she was constrained to find that Erin, Inc. and Harris were immune from suit under Arkansas Code Annotated section 11–9–105(a), our study of *Zenith* has convinced us that it does not impose such constraints. Therefore, for purposes of analyzing the instant case, *Zenith* simply provides no guidance. It is the existence of an employment relationship between the injured employee and the entity seeking immunity under section 11–9–105(a) that must govern our decisions on these issues. "Personas" cannot be employed independently in order to establish immunity from third-party actions. Rather, the existence of a "persona" relationship must be analyzed in the context of an employment relationship. In *Zenith*, although not fully explained in our opinion, it is at least clear that Gardner and his wife were owners of the company for which the injured employee worked, that Gardner was actually flying the plane in which the employee was a passenger, and that it was Gardner's personal negligence in piloting the plane—not the Sierra Hotel Corporation's maintenance or repair of it—that Zenith alleged resulted in the plane crash.

We deferred to the Commission for determination of the issue of whether Coats was working in the course and scope of his employment when the injury occurred, *i.e.,* whether the trip was work-related or recreational.

B.  *Importance of the employment relationship in limiting tort liability*

In *Stapleton v. M.D. Limbaugh Construction Co.,* 333 Ark. 381, 392, 969 S.W.2d 648, 653 (1998), our supreme court explained the importance of the employment relationship in determining whether tort liability is limited:

> *Baldwin* [*Co. v. Maner,* 224 Ark. 348, 273 S.W.2d 28 (1954) ] and *Brothers* [*v. Dierks Lumber & Coal Co.,* 217 Ark. 632, 232 S.W.2d 646 (1950) ] dealt with the constitutionality of section 402, and not section 105, as is challenged in this case. However, these cases are helpful to the resolution of our issue *because they establish that the General Assembly may limit tort liability only when there is an employment relationship between the parties.* As previously discussed, the prime contractor in this case is not the statutory employer pursuant to section 402 because the subcontractor paid workers' compensation benefits to its injured employee. As mentioned in *Baldwin, because there is no real or quasi-employment relationship between Stapleton and Limbaugh Construction under the facts of this case, the legislature cannot, pursuant to Article 5, Section 32, limit Stapleton's right to recover tort damages against Limbaugh.*

This result is equitable because under the facts of this case Stapleton cannot recover workers' compensation benefits from Limbaugh under section 402 because Limbaugh is not the statutory employer. Stapleton also cannot recover tort damages from Limbaugh because section 105, as amended in 1993, gives the prime contractor absolute immunity from tort actions. Thus, Stapleton has no remedy against Limbaugh for its alleged negligence.

For these reasons, we hold that Ark. Code Ann. § 11–9–105(a), as amended by 1993 Ark. Acts 796, § 4, is unconstitutional as applied in this case *because it grants tort immunity to a prime contractor even when there is no statutory employment relationship with the injured employee.* Accordingly, the order of dismissal is reversed, and the case remanded for further consideration of Stapleton's wrongful-death action against Limbaugh Construction. (Emphasis added.)

C.  *Erin, Inc. is not the injured employee's employer*

In the instant case, as so clearly discussed in the dissenting commissioner's opinion, there was no evidence in the record to support a finding that there was any employment relationship between appellant and Erin, Inc., when Erin, Inc.'s crane crushed appellant. Neither was there any evidence in the record to support a determination that Harris's "persona" as majority owner of ASE was the same as his "persona" as sole owner of Erin, Inc. That is, Harris's "persona" as majority owner of ASE makes him appellant's employer under our workers' compensation laws, but his "persona" as the sole owner of Erin, Inc., does not. The fact that Harris owns both ASE and Erin, Inc. cannot create an employment relationship between appellant and Erin, Inc. that did not, in fact, exist.

Reversed and remanded.

PITTMAN and HART, JJ., agree.