2011 Ark. App. 243
**Robert S. HARRIS, Jr., Appellant**

v.

**Tim JOHNSON, Appellee.**

**No. CA 10–742.**

Court of Appeals of Arkansas.

March 30, 2011.

---

See also, *Erin, Inc. v. White County Circuit Court,* 369 Ark. 265, 253 S.W.3d 444.

Matthew Richard House, Little Rock, for appellant.

John Elmo Patterson, Searcy, Gene Andrew Ludwig, Neil Chamberlin, Will Bond, Little Rock, for appellee.

DOUG MARTIN, Judge.

This appeal is the latest in a series of appeals stemming from litigation between appellee Tim Johnson and appellant Robert Harris. *Johnson v. Ark. Steel Erectors*, 2009 Ark. App. 755, 350 S.W.3d 801; *Erin, Inc. v. White County Circuit Court*, 369 Ark. 265, 253 S.W.3d 444 (2007). In the present appeal, Harris argues that the Workers' Compensation Commission erred in determining that it lacked jurisdiction over Johnson's tort claims against Harris and his company, Erin, Inc.

The underlying facts are largely undisputed. In December 1983, Harris formed Erin, Inc. ("Erin"), a for-profit company engaged in the business of leasing construction equipment. Since Erin's formation, Harris has served as its president, registered agent, chief job-site manager of operations, and sole shareholder. On April 29, 1996, Harris also formed Arkansas Steel Erectors, Inc. (ASE), which assumed many of Erin's administrative and job-management responsibilities, although Erin retained ownership of a truck crane used in various construction jobs. Harris served as ASE's president, registered agent, and chief job-site manager. He was also ASE's sole shareholder until 2003 and has remained a majority shareholder since that time. Both Erin and ASE carried workers' compensation insurance from July 20, 2002, to July 20, 2003. *Erin, Inc. v. White County Circuit Court*, 369 Ark. at 266, 253 S.W.3d at 445.

Other pertinent facts are set out in this court's decision in *Johnson v. Arkansas Steel Erectors*, 2009 Ark. App. 755, 350 S.W.3d 801, as follows:

Erin, Inc. and ASE exist as separate corporations, having separate employer-identification numbers and filing separate tax returns. On its 2002 tax return, Erin, Inc. did not pay any labor costs for [Johnson], and, in fact, reported no costs of labor. On the other hand, ASE's 2002 tax return showed that it paid the cost of [Johnson's] and other employees' labor. Erin, Inc. leases out equipment used in the construction of steel frames on commercial building projects.

*Johnson*, 2009 Ark. App. 755, at 4–5, 350 S.W.3d at 803.

In late 2002, Johnson applied for a job with ASE and was employed by ASE to work at a job site at the White County Medical Center in Searcy. On March 27, 2003, Johnson sustained injuries as a result of an accident at the medical center. During a construction project on which Johnson worked, a pendant line on a crane boom snapped, causing the boom to fall and strike his head. According to his claim for compensation, he sustained multiple fractures to his skull, ribs, pelvis, legs, and feet. On April 9, 2003, Johnson filed a claim against ASE with the Workers' Compensation Commission, alleging that he suffered workplace injuries on March 27, 2003. The insurance company, Commerce & Industry, paid Johnson a

cumulative sum totaling $384,446.33. *Erin, Inc. v. White County Circuit Court*, 369 Ark. at 266, 253 S.W.3d at 445.

On February 27, 2006, Johnson filed an amended complaint in White County Circuit Court, alleging that Erin was liable in tort for his injuries.[1] On March 24, 2006, Johnson filed a second amended complaint, alleging that both Erin and Harris had negligently caused his injuries; he did not, however, allege that his employer, ASE, was liable. Erin and Harris filed an answer and motion to transfer the question of the jurisdiction of the case to the Workers' Compensation Commission. The circuit court denied the motion to transfer, and Erin and Harris filed a petition for writ of prohibition with the supreme court, arguing that the circuit court lacked jurisdiction to deny their motion to transfer Johnson's claims to the Commission and that only the Commission could determine its jurisdiction over Johnson's claims. *Id.* at 266–67, 253 S.W.3d at 446.

The supreme court granted the writ, noting first that the exclusive remedy of an employee or his or her representative on account of injury or death arising out of and in the course of employment is a claim for compensation under Arkansas Code Annotated section 11–9–105 (Repl.2002), and that the Commission has exclusive, original jurisdiction to determine the facts that establish jurisdiction, unless the facts are so one-sided that the issue is no longer one of fact but one of law, such as an intentional tort. *Id.* at 269, 253 S.W.3d at 447–48 (citing *Van Wagoner v. Beverly Enters.*, 334 Ark. 12, 970 S.W.2d 810 (1998)). The court then concluded that the question of whether Harris and Erin were third parties under Arkansas Code Annotated section 11–9–410(a) (Repl.2002) or a "persona" under section 11–9–105(a) was a question for the Commission. *Id.* at 271, 253 S.W.3d at 449.

After the issuance of the writ, the case was transferred to the Commission for a determination of jurisdiction. On November 30, 2007, an administrative law judge (ALJ) entered an order finding that the Commission had jurisdiction of the claim; that Johnson sustained a compensable injury on March 27, 2003; and that Erin and Harris were a "persona" and thus protected by the exclusive-remedy provisions of section 11–9–105(a). Therefore, the ALJ concluded that jurisdiction was properly before the Commission. Johnson appealed the ALJ's decision, and the Commission issued an opinion on July 14, 2008, upholding the findings of the ALJ.

One commissioner dissented, however, finding that "although Mr. Harris owns both Arkansas Steel Erectors and Erin, Inc., as there was no employment relationship between Erin, Inc., and … Johnson at the time of the accident, Erin, Inc., and Harris as sole owner of Erin, Inc., are not protected by the 'exclusive remedy' of the Workers' Compensation Act." Noting that the Commission has jurisdiction only when there is an employment relationship between the litigants and that the Commission properly had jurisdiction over Johnson's workers' compensation claim against ASE, his employer, the dissenting commissioner stated that there was no evidence to support a finding that there was any employment relationship between Johnson and Erin when the crane owned by Erin fell on Johnson. Because Harris was the sole owner of Erin, and nothing showed that Harris was acting in his capacity as an employer for Erin, the dissent asserted that there was no evidence to support the conclusion that Harris's "persona" as owner of ASE was the same as his "persona" as owner of Erin, and his persona as own-

---

1. His first suit, filed August 8, 2003, was against the Nabholz Construction Corp.

er of Erin did not make him an employer under the workers' compensation statutes. Therefore, the dissent concluded that the Commission did not have jurisdiction over Johnson's tort claim against Erin and Harris.

Johnson appealed this decision to the court of appeals, which reversed and remanded, stating that it agreed with Johnson's argument that "the Commission erred in concluding that it had jurisdiction over his tort claims against Erin, Inc. and Harris and in deciding that Erin, Inc. and Harris were immune under Ark.Code Ann. § 11–9–105(a)." *Johnson v. Ark. Steel Erectors*, 2009 Ark. App. 755, at 2, 350 S.W.3d 801, 802. Noting that the General Assembly may limit tort liability only when there is an employment relationship between the parties, *id.* at 9, 350 S.W.3d at 806, the court concluded as follows:

> In the instant case, as so clearly discussed in the dissenting commissioner's opinion, there was no evidence in the record to support a finding that there was any employment relationship between appellant and Erin, Inc., when Erin, Inc.'s crane crushed appellant. Neither was there any evidence in the record to support a determination that Harris's "persona" as majority owner of ASE was the same as his "persona" as sole owner of Erin, Inc. That is, Harris's "persona" as majority owner of ASE makes him [Johnson's] employer under our workers' compensation laws, but his "persona" as the sole owner of Erin, Inc., does not. The fact that Harris owns both ASE and Erin, Inc. cannot create an employment relationship between [Johnson] and Erin, Inc. that did not, in fact, exist.

*Id.* at 10, 350 S.W.3d at 806.[2]

Following the court of appeals' opinion remanding the matter to the Commission, the Commission entered an opinion on February 18, 2010, stating that, "[i]n accordance with the court's mandate, the Full Commission reverses the administrative law judge's finding that Erin, Inc. is protected by the exclusive-remedy provisions of Ark.Code Ann. § 11–9–105(a). Thus, the Workers' Compensation Commission does not have jurisdiction over the claimant's tort claim against Erin, Inc." On March 1, 2010, Johnson filed a motion to modify the opinion, arguing that the Commission's ruling should also have encompassed Harris.

On March 25, 2010, the Commission issued a 2–1 order. The majority found that Johnson's motion should be granted and modified the February 18, 2010 order so that it provided that the Commission did "not have jurisdiction over [Johnson's] tort claims against Erin, Inc. and Mr. Harris, in his persona as sole owner of Erin, Inc." The majority reasoned that Harris had two personas: the first was as owner of ASE, the employer for workers' compensation purposes, such that Harris was protected by the exclusive-remedy provision of the Workers' Compensation Act. Harris's second persona was as sole owner of Erin, Inc., which was not Johnson's employer. The majority stated that, as there was "no employer/employee relationship between Erin, Inc. and Mr. Harris in his persona as sole owner of Erin, Inc., Mr. Harris cannot be covered by the exclusive remedy provision of the Arkansas Workers' Compensation Act for the purposes of a tort claim against him and Erin, Inc." Thus, the Commission concluded that it did not have jurisdiction over Johnson's tort claims against Harris and Erin. A concurring opinion agreed but stated that the court of appeals' opinion "[did] not clearly hold, in the last paragraph of its

2. On January 28, 2010, the supreme court denied Erin's petition for review.

November 11, 2009 opinion, that [Johnson] may proceed with a tort claim against . . . Harris."

The dissenting opinion asserted that the majority had "read something into the court of appeals' opinion that was not there" in granting Johnson's motion. The dissent stated that the final paragraph of the court of appeals' decision "only holds that Erin, Inc. is not [Johnson's] employer, because Harris's relationship as owner of [Johnson's] employer does not bootstrap an employment relationship between [Johnson] and other businesses owned by Harris." The dissent opined that the real question at issue was whether Harris's dual personas allowed him to be sued in tort, yet maintain his exclusive-remedy protection under the workers' compensation laws, concluding that the dual-persona exception had been definitively abrogated by the General Assembly.

Harris filed a timely notice of appeal from the Commission's decision, and he now argues that the majority of the Commission erred in its interpretation of section 11–9–105(a). In essence, Harris contends that the dual-persona doctrine has been abrogated by the General Assembly and that the Commission erred by applying the doctrine in this case to find that Harris is not immune from tort liability.

We decline to reach the merits of Harris's argument. In finding that it lacked jurisdiction over Johnson's claims against Harris and Erin, the Commission was doing nothing more than complying with this court's mandate in *Johnson v. Arkansas Steel Erectors, supra.* In that opinion, this court held that it "agree[d]" with Johnson's argument that the Commission erred in concluding that it had jurisdiction over his tort claims against *Erin and Harris* and in deciding that *Erin and Harris* were immune under section 11–9–105(a). *Johnson*, 2009 Ark. App. 755, at 2, 350 S.W.3d

at 802 (emphasis added). In addition, this court stated that it was undisputed that Harris was the sole shareholder of Erin, and that Erin, which "did not pay labor costs for appellant and, in fact, reported no costs of labor," was not Johnson's employer. *Id.* at 4, 350 S.W.3d at 803. In the final paragraph of the opinion, this court held that "Harris's 'persona' as majority owner of ASE makes him [Johnson's] employer under our workers' compensation laws, but his 'persona' as the sole owner of Erin, Inc., does not." *Id.* at 10, 350 S.W.3d at 806. Thus, it is clear that this court held that neither Harris nor Erin was Johnson's employer. In accordance with this court's opinion, the Commission entered an order finding that it lacked jurisdiction over Johnson's claims against Harris and Erin and that jurisdiction was properly in the circuit court of White County.

Arkansas law is well settled that the trial court (or, as in the present case, the Commission) must, upon remand, execute the mandate. *Johnson v. Bonds Fertilizer, Inc.,* 375 Ark. 224, 234, 289 S.W.3d 431, 437 (2008) (citing *Wal–Mart Stores, Inc. v. Regions Bank Trust Dep't,* 356 Ark. 494, 156 S.W.3d 249 (2004)). The question of whether the lower court followed the appellate court's mandate is not simply one of whether the lower court was correct in its construction of the case but also involves a question of the lower court's jurisdiction. *Turner v. Northwest Ark. Neurosurgery Clinic, P.A.,* 91 Ark. App. 290, 297–98, 210 S.W.3d 126, 133 (2005) (citing *Dolphin v. Wilson,* 335 Ark. 113, 983 S.W.2d 113 (1998)). The lower court is vested with jurisdiction only to the extent conferred by the appellate court's opinion and mandate. *Id.* at 298, 210 S.W.3d at 133. Any proceedings on remand that are contrary to the directions contained in the mandate from the appellate court may be

considered null and void. *Id.* "[E]ither new proof or new defenses cannot be raised after remand when they are inconsistent with this court's first opinion and mandate. Indeed, to allow such to occur undermines the finality of this court's decision and denies closure on matters litigated." *Id.* (quoting *Dolphin,* 335 Ark. at 120, 983 S.W.2d at 117).

In *Wal–Mart Stores, Inc. v. Regions Bank Trust Dep't, supra,* the supreme court reviewed the history of the mandate rule, stating that

> [t]he inferior court is bound by the judgment or decree as the law of the case, and must carry it into execution according to the mandate. The inferior court cannot vary it, or judicially examine it for any other purpose than execution. It can give no other or further relief as to any matter decided by the supreme court, even where there is error apparent; or in any manner intermeddle with it further than to execute the mandate, and settle such matters as have been remanded, not adjudicated, by the supreme court.

*Wal–Mart,* 356 Ark. at 497, 156 S.W.3d at 252 (quoting *Fortenberry v. Frazier,* 5 Ark. 200, 202 (1843)).[3]

The *Wal–Mart* court further noted that the mandate rule "binds every court to honor rulings in the case by superior courts." *Id.* at 497–98, 156 S.W.3d at 252 (citing *Casey v. Planned Parenthood,* 14 F.3d 848, 856 (3d Cir.1994)). Accordingly, a trial court must implement both the let-

ter and spirit of the mandate, taking into account the appellate court's opinion and the circumstances it embraces. *Johnson,* 375 Ark. at 234, 289 S.W.3d at 438 (citing *Wal–Mart, supra* ). The *Johnson* court further explained that directions by an appellate court to the lower tribunal— which in *Johnson* was likewise the Workers' Compensation Commission—as expressed by the opinion and mandate must be followed exactly and placed into execution. *Id.; see also Williams v. Davis,* 2009 Ark. App. 850, 373 S.W.3d 381 (holding that the inferior court cannot vary the appellate court's mandate; examine it for any other purpose than execution; give any other relief; review for error any matter decided on appeal; or meddle with it, other than to settle what has been remanded); *Dolphin v. Wilson, supra* (holding that the lower tribunal is only authorized to carry out the appellate court's mandate, and the trial court may be powerless to undertake any proceedings beyond those specified).

In his argument on appeal, Harris is essentially asking this court to reverse the Commission's decision because, he contends, the Commission was wrong in "interpreting" section 11–9–105(a) to conclude that he was not immune from suit. The Commission, however, was not asked to interpret the statute; rather, the Commission was required to comply with this court's mandate, which was to find that neither Harris nor Erin was Johnson's employer. Despite Harris's argument that

---

3. The mandate rule has been described as a "sub-species of the venerable 'law of the case' doctrine, a staple of our common law as old as the Republic[.]" *Turner,* 91 Ark. App. at 298, 210 S.W.3d at 133 (quoting *Federated Rural Elec. Ins. Corp. v. Ark. Elec. Coops., Inc.,* 896 F.Supp. 912, 914 (E.D.Ark.1995)). The law-of-the-case doctrine provides that the decision of an appellate court establishes the law of the case for the trial court upon re-

mand and for the appellate court itself upon subsequent review and is conclusive of every question of law and fact previously decided in the former appeal, and also of those that could have been raised and decided in the first appeal, but were not presented. *Id.* (citing *Linder v. Linder,* 348 Ark. 322, 72 S.W.3d 841 (2002); *Clemmons v. Office of Child Support Enforcement,* 345 Ark. 330, 47 S.W.3d 227 (2001)).

the dual-persona doctrine was inapplicable, the Commission was powerless to look behind the order or do anything other than implement it. *See Wal–Mart, supra* (holding that the lower tribunal can give no other or further relief as to any matter decided by the supreme court, even where there is error apparent); *Williams v. Davis, supra* (holding that the inferior court cannot vary the appellate court's mandate; examine it for any other purpose than execution; give any other relief; or *review for error any matte decided on appeal*).

■ Accordingly, because the Commission was without jurisdiction to take action beyond the dictates of this court's mandate in *Johnson v. Arkansas Steel Erectors, supra,* we affirm.

Affirmed.

ABRAMSON and HOOFMAN, JJ., agree.

GLADWIN, J., concurs.

GLOVER, J., concurs.

VAUGHT, C.J., dissents.

ROBERT J. GLADWIN, Judge, concurring.

I concur that this case must be affirmed, but believe that it must be affirmed under the law-of-the-case doctrine. I agree with Chief Judge Vaught's analysis that Harris was protected from the tort suit by Ark. Code Ann. § 11–9–105(a) (Repl.2002). However, our court held otherwise. *See Johnson v. Ark. Steel Erectors,* 2009 Ark. App. 755, 350 S.W.3d 801. Therefore, we are bound by that decision under the law-of-the-case doctrine. *See Green v. George's Farms, Inc.,* 2011 Ark. 70, 378 S.W.3d 715.

DAVID M. GLOVER, Judge, concurring.

The majority opinion does an excellent job of describing the clarity of our November 11, 2009 opinion and applying the law-of-the-case doctrine. I will not repeat that discussion here other than to say that I find no basis for either appellant's or the dissenting opinion's claim that the November 11 opinion was unclear regarding Mr. Harris's lack of immunity under the exclusive-remedy provisions of our workers' compensation laws.

I write separately to make clear my disagreement with the dissent's criticism of the merits of the November 11, 2009 opinion. I begin, just as we did in our earlier opinion, with our state constitution. Article 5, section 32 of our constitution imposes restraints on the legislature. Our 2009 opinion was clear in explaining that our constitution (Amendment 26 to article 5, section 32) limits to employment situations the legislature's power to prescribe the amount of compensation that can be recovered for injuries resulting in death or injuries to persons or property.

Arkansas Code Annotated section 11–9–105(a), in furtherance of Amendment 26, provides:

> The rights and remedies granted to an employee subject to the provisions of this chapter, on account of injury or death, shall be exclusive of all other rights and remedies of the employee, his legal representative, dependents, next of kin, or anyone otherwise entitled to recover damages from the employer, or any principal, officer, director, stockholder, or partner *acting in his or her capacity as an employer, or prime contractor of the employer,* on account of the injury or death, and the negligent acts of a co-employee shall not be imputed to the employer. No role, capacity, or persona of any em-

ployer, principal, officer, director, or stockholder *other than that existing in the role of employer of the employee* shall be relevant for consideration for purposes of this chapter, and the remedies and rights provided by this chapter shall in fact be exclusive regardless of the multiple roles, capacities, or personas *the employer* may be deemed to have.

This statute correctly describes the limits of the workers' compensation exclusive-remedy provisions, consistent with the constitutional mandate and making clear, in my opinion, that "[n]o role, capacity, or persona of any employer, principal, officer, director, or stockholder *other than that existing in the role of employer of the employee* shall be relevant for consideration for purposes of this chapter." It is the existence of an *employment relationship* that lies at the foundation of entitlement to the exclusive remedies of the workers' compensation laws, and Mr. Johnson was in no way, shape, or form employed by Erin, Inc.

In my view, our legislature did not exceed the workers' compensation exception in the constitution with the passage of Act 796 of 1993 unless, of course, a court were to attach the dissent's interpretation of section 11–9–105(a). It is basic law that our constitution trumps our legislature. To its credit, our legislature has stayed within the narrow workers' compensation exception of our constitution. Though Act 796 of 1993 dramatically changed burdens of proof affecting presentation of claims, it did so within the constitutional parameter. Our workers' compensation laws govern solely an employee's relationship with his employer. Absent such an employee-employer relationship, "the right of trial shall remain inviolate." Ark. Const., art. II, § 7. We were not only clear, we were also correct in deciding that Erin, Inc., and Mr. Harris were not immune in *Johnson v.* *Arkansas Steel Erectors,* 2009 Ark. App. 755, 350 S.W.3d 801.

LARRY D. VAUGHT, Chief Judge, dissenting.

I dissent because I believe that neither the mandate rule nor the law of the case governs the resolution of this case. The majority opinion sets out the factual and procedural history faithfully. However, I disagree with the majority's ultimate conclusion that our prior opinion *clearly* held that Harris was not protected by the exclusive-remedy provision.

When our mandate was issued, the Workers' Compensation Commission attempted to follow our direction, yet read it to *only* allow suit against Erin, Inc. After Johnson filed a motion to modify, because he interpreted the mandate to allow suit against Harris also, the Commission responded by issuing three separate opinions. The "majority" (in this case a lone commissioner) found that our mandate *also* allowed suit against Harris and modified the previous order. The second commissioner joined in the modification, but found that our opinion was not clear. The dissenting commissioner read our mandate to hold that Harris was protected by the exclusive-remedy provision. The issue now before our court is not whether the Commission followed our mandate, but more precisely—what our mandate required.

While a lower court (or, in this case, the Commission) is bound by the mandate rule, our court is bound by the law-of-the-case doctrine. As such, in order to resolve the appeal currently before us, we must first consider if we are so bound. Matters once decided upon appeal become law of the case and govern the court of appeals upon a subsequent appeal. *Glover v. Glover,* 15 Ark. App. 79, 81, 689 S.W.2d 592,

594 (1985). However, the question is always open as to what matters were "decided on appeal." *Id.,* 689 S.W.2d at 594. In this case, based on the three commissioners' opinions and the parties' divergent motions and responses, it is evident that no clear mandate exists. In fact, the parties each "followed" our mandate to divergent (and mutually exclusive) ends. Based on the inherent lack of clarity in our prior decision, neither the mandate rule nor law of the case should prohibit us from reexamining our prior opinion.

The only means by which Harris may be sued in tort in this case is by use of the dual-persona doctrine. Everyone agrees that Harris is protected by the exclusive-remedy provision of the workers'-compensation law as an employer in his role as owner of Arkansas Steel Erectors. His role (or persona) as owner of Erin, Inc., the owner of the crane, is at issue. The dual-persona doctrine makes an employer vulnerable to suit in tort if he possesses a second persona completely independent of his status as employer. *Hill v. Patterson,* 313 Ark. 322, 855 S.W.2d 297 (1993). The Arkansas Supreme Court officially recognized and adopted the dual-persona doctrine in *Thomas by City National Bank of Fort Smith v. Valmac Industries, Inc.,* 306 Ark. 228, 812 S.W.2d 673 (1991).

Subsequent to *Thomas,* the Arkansas General Assembly passed Act 796 of 1993, which completely revised our state's workers' compensation law. The current version of our law states that "[t]he rights and remedies of the employee ... shall be exclusive of all other rights and remedies of the employee[.]" Ark.Code Ann. § 11–9–105(a) (Repl.2002). Moreover, the Act provides that "[n]o role, capacity, or persona of any employer, principal, officer, director or stockholder other than that existing in the role of employer of the employee shall be relevant for consideration for purposes of this chapter[.]" Ark.Code Ann. § 11–9–105(a). In sum, the Act is now the sole and exclusive source of an employee's rights and remedies "regardless of the multiple roles, capacities, or personas the employer may be deemed to have." Ark. Code Ann. § 11–9–105(a). To make it even clearer, our general assembly legislatively overruled *Thomas* by passing a law stating that "this section is to preserve the exclusive[-]remedy doctrine and specifically annul any case law inconsistent herewith, including but not necessarily limited to ... *Thomas v. Valmac Industries,* 306 Ark. 228, 812 S.W.2d 673 (1991)." Ark. Code Ann. § 11–9–107(e) (Repl.2002).

The law in Arkansas is clear. Our mandate should offer corresponding clarity. Once Harris was deemed to be "an employer" based on his ownership of Arkansas Steel Erectors, he came under the protection of the exclusive-remedy doctrine regardless of any other persona or role he maintained. Whether this is a majority view, minority view, good law, bad law or even constitutional (none of which is raised or argued), we are bound by it. I would therefore reverse the decision of the Workers' Compensation Commission.